W. H. SEAMAN, Appellant, v. ALONZO BAUGHMAN et al., Directors, etc., Appellees.

1. **School Districts : TOWNSHIP ELECTORS : VOTING.** Section 1717 of the Code authorizing the electors of a district township, when legally assembled at an annual meeting, to " vote a tax " for the construction of schoolhouses, etc., is not to be construed as requiring such vote to be taken by ballot.

2. ——: ——: —— : CONSTITUTION. Section 6, of article 2, of the constitution of this state, providing that " all elections by the people shall be by ballot," has no application to such election as is provided for by the above statute.

3. ——— : ADDITIONAL SCHOOLHOUSE : NECESSITY. Where a school district, two miles wide from east to west, had one schoolhouse situated one-half a mile east of the center, which was about thirty years old, but in reasonably good condition, yet was too remote for some of the children of the district to attend school, *held* that the electors of the district were warranted in voting a tax for the erection of a new schoolhouse at the center of the district.

4. ——— : ——— : SELECTION OF SITE. The electors of a school district may vote a tax for the erection of a new schoolhouse before any site therefor has been selected.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, FEBRUARY 6, 1891.

THIS is an action in equity to restrain the collection of a tax voted by the electors of a district township for the purpose of erecting a schoolhouse. After a hearing upon the merits the petition of the plaintiff was dismissed, and judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*C. A. Ficke,* for appellant.

*Ambrose P. McGuirk* and *Heinz & Hirschl,* for appellees.

ROBINSON, J.—At the annual meeting of the electors of the district township of Sheridan in the county of Scott, held on the second Monday in March in the year 1889, a tax of fifteen hundred dollars was voted upon the property of the district for the construction of a schoolhouse in subdistrict number 9. The plaintiff is a resident and taxpayer of the district, and the defendants are its officers. The plaintiff claims that the tax specified is illegal, and asks that the defendants be restrained from certifying it to the board of supervisors of Scott county, and that it be declared illegal and void.

I. The first objection made to the validity of the tax is that the vote by which the electors attempted to

1. SCHOOL dis-
tricts: town-
ship electors:
voting.

authorize it was not taken by ballot. It is not clear how the vote was taken; some who were present testifying that it was by a showing of hands, and others that each voter manifested his wishes by rising. But it is agreed that the vote was not taken by ballot. Section 1717 of the Code authorizes the electors of a district township, when legally assembled at an annual meeting, to appoint a chairman and a secretary, in the absence of the regular officers, to direct the sale or other disposition of any schoolhouse, or the site thereof, and of other property, and to direct the manner in which the proceeds arising from such property shall be applied; to determine what additional branches shall be taught in the schools of the district, or to delegate any of those powers to the board of directors; to authorize the obtaining of highways necessary for proper access to the schoolhouse of the district; to vote a tax on the taxable property of the district for the purchase of grounds, and the construction of schoolhouses, the payment of schoolhouse debts; to procure libraries and to pay for highways. Also to instruct the board of directors to transfer any surplus in the schoolhouse fund not appropriated to either the contingent or teacher's fund. The word "vote" is used only in connection with the provision in regard to a tax, but it is manifest that the usual and necessary method of exercising the powers specified is by voting. The elector in some manner makes known his wishes in regard to pending measures, in order that he may be counted for or against them. He thus votes, whether his wishes are expressed verbally, by ballot or by other means. Usually votes are given by ballot or *viva voce*, but it is sufficient, in the absence of a requirement to the contrary, to give them in any recognized manner. Therefore, the fact that the word "vote" is used in connection with the provision for a tax is not entitled to any special significance. There is nothing in the statute which in terms directs the method of taking the vote.

Section 1789 of the Code provides that "no district township or subdistrict meeting shall organize earlier than nine o'clock A. M., nor adjourn before twelve o'clock M." And it is argued from this that the general assembly designs that the votes authorized by section 1717 shall be taken by ballot, to the end that electors may appear at any time before noon, and vote upon measures before the meeting. It is true, the electors of a district may meet at nine o'clock, and at once transact the business of the meeting, and be prepared to adjourn. But it does not follow that they are required to remain in session until noon for the purpose suggested. The statute may have been designed to prevent undue haste and collusive action on the part of a few to defeat the will of the majority. Section 1807 of the Code, as it was enacted in 1873, provided for the voting of a tax by the electors of independent districts for the purchase of grounds, the construction of schoolhouses, the payment of schoolhouse debts, and procuring libraries and apparatus, but was silent as to the manner in which the voting should be done. The law in regard to voting a tax for the purposes specified was thus substantially the same in district townships and independent districts until the year 1880. At that time the general assembly enacted a statute which requires the boards of directors of independent districts to provide for the submission of all questions reserved to the electors by section 1807 of the Code, and expressly required such questions to be decided by ballot. Acts, 18th Gen. Assem., ch. 8, sec. 2. If the theory of the appellant be correct, the provision in regard to deciding questions by ballot is without force, as enacting a law which already existed. It is our duty, however, to give effect, where practicable, to all statutory provisions, and in this case it can be done only by adopting the legislative interpretation, and holding that, in the absence of the specific requirement, the voting need not be by ballot. It is not our duty to point out a good

reason for the distinction which the law makes between district townships and independent districts. It is sufficient for us to know that the distinction exists.

II. It is said that the constitution of Iowa requires that votes like that in controversy be by ballot. Section 6 of article 2 of that constitution is as follows : "Sec. 6. All elections by the people shall be by ballot." The word "election," in its broadest sense, signifies a choice ; the act of choosing ; the act of selecting one or more from others ; but in the sense in which it is used in the constitution it means a choice of persons for public offices, made by the people. Bouvard Law Dict., tit. "Election ;" 6 Amer. & Eng. Ency. Law, 260 ; *Commissioners v. Louisville,* 3 Bush ( Ky.) 597. Moreover, there is nothing in the statute which authorizes the conclusion that the meetings of the district townships are designed to be elections within the meaning of the popular use of that term. Judges of election are not provided for, as they are for the meetings of subdistricts and independent districts, but the meeting comtemplated seems to be more in the nature of a deliberative assembly, which may debate and dispose of measures before it as they are reached in a summary manner, if it is deemed best so to do.

*2 —: —: —: constitution.*

III. It is next insisted that the tax is illegal because the schoolhouse for which it was designed is not necessary. Subdistrict number 9 is two miles wide from east to west, and a schoolhouse built thirty years ago is now located on a site half mile east of the center. It has been repaired frequently, is in a reasonably good state of preservation, and is large enough for the needs of the subdistrict. Some of the children in the subdistrict live too far from the present site to attend the school, and the people of the subdistrict would be better accommodated by having the schoolhouse located at the center. Although it seems that the old house may be used on the old site for a number of years, yet it does not appear that it can be advantageously moved ; and its age and condition are

*3. —: additional schoolhouse: necessity.*

such that it might be wrecked in the attempt. To move it would necessarily cause some ·damage to the building and considerable expense to the district. If moved it could be used but ·a few years on the new site. We think that under these circumstances the electors were warranted in taking the action they did. Certainly no abuse of the power vested in them is shown.

IV. Objection to the tax is made on the ground that a new site had not been secured when it was voted. We do not think that is a serious objection. The power to procure a site when the tax shall become ·available is ample, and it is not shown nor claimed that a site cannot be obtained. We conclude that the plaintiff has failed to show himself entitled to any relief.

4. —: —: selection of site.

The judgment of the district court is, therefore, AFFIRMED.