[No. 6514.   Decided November 28, 1906.]

JOHN REGAN, *Respondent*, v. SCHOOL DISTRICT NO. 25 OF
SNOHOMISH COUNTY *et al., Appellants.*[1]

SCHOOLS AND SCHOOL DISTRICTS—BUILDING SITE—MEETING OF ELEC-
TORS—NOTICE—SUFFICIENCY.  The notice of a meeting of the voters of
a school district to decide upon the selection of a school building
site and authorize its purchase need not state the hours at which
polls will be opened, as voting by ballot is not required, and a notice
fixing the time of the meeting at one o'clock p. m. is sufficient.

STATUTES—CONSTRUCTION.  The construction placed upon a statute
by the department of education, long acquiesced in, should be given
weight in its interpretation.

Appeal from an order of the superior court for Snohomish
county, Black, J., entered August 23, 1906, denying a motion
to dissolve a temporary injunction enjoining the purchase of a
school building site.   Reversed.

*McMurchie & Locke*, for appellants.

*Padgett & Bell*, for respondent.

ROOT, J.—A meeting of the voters of appellant school dis-
trict was called, under the authority of Bal. Code, § 2442,
by order of the board of directors.   Notice of said. meeting
was given by posting the following notice:

"No. 26.
"Notice of Special School District Meeting.

"Notice is hereby given that a special meeting of the legal
school electors of school district No. 25, of Snohomish
county, Washington, will be held at Primary School building
in said district on the 8th day of August, 1906, beginning
at the hour of one o'clock p. m. of said day, for the purpose
of determining the location of a school site and the erection
of a four room building thereon for school purposes.

"By order of the Board of Directors.

"Dated this 27th day of July, 1906.

"(Signed)   M. Swinnerton, School District Clerk."

[1]Reported in 87 Pac. 828.

Pursuant to said notice, a meeting was held at the hour and place named, there being some twenty-two voters present. The electors at said meeting determined on the location of a school site and authorized its purchase, and adjourned after being in session about thirty minutes. Thereafter respondent instituted this proceeding to enjoin appellant from proceeding to purchase said site, and from issuing bonds or warrants in payment thereof and from the payment of any bonds or warrants already issued for that purpose. A temporary injunction was issued. From an order denying the motion to dissolve said injunction, this appeal is taken.

The only question presented upon the appeal is as to the sufficiency of the notice hereinbefore set forth. It is contended by respondent that this notice is fatally defective under the statute and the decision of this court in the case of *Peth v. Martin*, 31 Wash. 1, 71 Pac. 549. In that case § 2280 of Bal. Code was construed, and it was held that the clause "By posting written or printed notice in like manner as is provided for calling an annual school district election," required that the notice should state the "hours between which the polls will be kept open" as provided for notice of annual elections. Said section 2280 makes provision for a meeting of the residents of two or more school districts for the purpose of establishing a union or graded school, and provides that if a majority of the electors of each district shall vote to unite, a union district is created.

This court in effect held, in the *Peth v. Martin* case, that the meeting provided for by said section of the statute is virtually an election, and that consequently the notice should set forth the hours during which the polls are to be kept open. But the meeting provided for by § 2442 is not an election, and we do not think that there is anything in the statute requiring a vote by ballot, a ballot box or the keeping open or closing of polls. It was a meeting of the voters of the district for conference and consultation, fashioned after the town meetings of the New England and other older states of

the Union.   That it was not intended to be an election is
evidenced by the fact that no provision is made by the statute
for an inspector, judges, or other election officers; but pro-
vision is thereby made for a chairman and a clerk of such
meeting and for a record of the proceedings to be kept, certi-
fied and filed by said clerk.   It is possible that ballots and
ballot boxes might be used, but there is nothing in the statute
requiring them, and nothing prescribing any particular form
of voting at such a meeting.   This being true, it would seem
that those participating might themselves adopt and carry
out' any method of procedure and manner of voting which
they might desire.   If the business legally coming before
such a meeting could be considered and voted upon in any
manner satisfactory to the electors present and disposed of
within a half hour, there appears to be nothing in the statute
requiring the meeting to remain longer in session.   The only
defect alleged to exist in said notice is the omission to state
the hours during which the polls would be kept open.   We
cannot see why a notice should be held defective solely by
reason of the omission of such information when, as a matter
of law, no polls were required, no voting by ballot made
essential, and no period of duration of the meeting prescribed.
1 Dillon, Municipal Corporations (3d ed.), §§ 9-28; *State v.
Board of Sup'rs Racine Co.*, 70 Wis. 543, 36 N. W. 399;
*Commonwealth v. Smith*, 132 Mass. 289; *Chicago etc. R. Co.
v. Mallory*, 101 Ill. 583; *State ex rel. Bruce v. Davidson*,
32 Wis. 114; *Seaman v. Baughman*, 82 Iowa 216, 47 N. W.
1091, 11 L. R. A. 354.

   The notice here involved is in form that prescribed by the
superintendent of public instruction and published with the
school laws for many years.   While the construction placed
upon a statute by a department of the government having to
do with the subject-matter thereof is not conclusive upon the
courts, yet such interpretation (and especially when long ob-
served) will not be ignored or lightly regarded.   *State ex rel.*

*Smith v. Ross*, 42 Wash. 439, 85 Pac. 297; *Caha v. United States*, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; *Westbrook v. Miller*, 56 Mich. 148, 22 N. W. 256, 20 L. R. A. 535; *Brown v. United States*, 113 U. S. 568, 5 Sup. Ct. 648, 28 L. Ed. 1079; Sutherland, Statutory Const., 309 *et seq.*; 26 Am. & Eng. Ency. Law (2d ed.), pp. 633, 634, 635.

The notice stated that the meeting would begin at the hour of 1:00 o'clock p. m. Having then commenced and continued in session until 1:30, and there not having been anything in the notice to mislead any of the voters of the district, we think no legal or sufficient reason is shown for holding the proceedings illegal.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.