## PARKER v. SCHOOL DISTRICT NO. 4 IN SWEET-WATER COUNTY ET AL.

SCHOOL DISTRICTS—MEETINGS—ELECTIONS—SUBMITTING AND VOTING
UPON THE QUESTION OF ISSUING SCHOOL DISTRICT BONDS—APPLI-
CATION OF GENERAL ELECTION LAWS.

1. In the section of the statute providing for holding the
   annual school district meetings, at which trustees are to
   be elected and other business attended to, the term "district
   meeting" means a coming together,—an assembling of the
   electors in a body at a stated time and place.
2. The general election laws of the state as to the time of
   opening and closing the polls have no application to school
   district meetings.
3. A special meeting of a school district was regularly called
   to be held at 8 o'clock p. m. on a specified date and at a

place designated in the call and notice, for the purpose of voting upon a proposition to issue the bonds of the district to provide funds for building and furnishing a school house. The meeting, upon motion to that effect, was kept open until 8:30.o'clock p. m. to afford an opportunity to those appearing within that time to vote upon the proposition. It appearing that due and legal notice of the meeting was given, that it was duly organized and fairly conducted, and no claim being made that all electors who appeared at the hour designated in the notice and within the half hour thereafter were not given ample opportunity to vote, *Held*, that the action taken at the meeting in favor of issuing the bonds, was legal and binding on the district.

[Decided June 2, 1909.]    (101 Pac. 944.)

ERROR to the District Court, Sweetwater County; HON. DAVID H. CRAIG, Judge.

The facts are stated in the opinion.

*T. S. Taliaferro, Jr.,* for plaintiff in error.

The only point in issue as raised by the plaintiff in error is that the election at which the school district bonds in question were voted was illegal in this, viz.: that there is no law authorizing a school district to hold an election for the issuance of bonds by any different method than that required by the statute governing general elections. The statute requires such elections to be held "in the manner prescribed for general or special elections in school districts." (R. S. 1899, sec. 571.) Section 536 provides that all school district elections shall be carried on as provided by law and the qualification of voters shall be the same as at any other election, with the additional qualification added by chapter 68, Laws of 1905. On first reading it would seem that section 536 renders applicable to school district elections the provisions of the general election law; but we find some difficulty in making the application in all respects. Section 533 does not govern the point, and therefore school district elections are either to be held in accordance with the general election law, or, there is no express statute controlling the

subject. There being no special provisions relating to the hours for opening and closing the polls at school district elections it is necessary to refer to the general election law, and as to this matter under general elections the question is controlled by section 311, R. S. 1899. Again, under section 208, special elections are to be conducted in all respects as near as practicable in the same manner as general elections, except as otherwise specially directed.

*Walter B. Dunton,* for defendants in error.

The election in question was held under the provisions of section 571, R. S. 1899, which provides that the election upon a proposition for the issuance of school district bonds "must be held in the manner prescribed for general or special elections in school districts." Sections 562 and 547 require that the district clerk give ten days' previous notice of all meetings of the district in a prescribed manner, which notice must clearly state the precise object for which it is called and the time and place at which it is to be held. Such a notice was given. While only 40 electors of the district attended the meeting, yet every elector had an opportunity to attend and vote upon the question submitted. It has been held as to school district meetings, that if duly warned or called, those who assemble, though less than a majority of the whole, have the power to act for and bind the whole, and those who are absent are conclusively presumed to assent to the action of those who attend. (Miller v. School District, 5 Wyo. 217.) Therefore, the electors who were present at the meeting had full power to act and bind the district by the action of the majority of those present. The words "election" and "meeting" are used interchangeably in our school laws. School elections are incidental to school meetings, the meeting being the more comprehensive term employed in designating the time and manner of assembling the electors of the district for the transaction of district business, especially that pertaining to the fiscal affairs of the district.

Section 536, as amended by chapter 68 of the Laws of 1905, provides that school district elections shall be carried on as provided by law. This section does not provide, nor does it mean that school district elections shall be carried on in the same manner as general elections, but that such election shall be carried on as provided by law, the law governing the same being found in articles 1, 2 and 3 of chapter 3, division 1 and title 6 of the Revised Statutes. There are no provisions for the registration of electors in school district elections nor for the appointment of judges or clerks of election for such elections.

The provisions of the general election laws do not apply to school elections. Section 533 provides that school district meetings may adopt rules of order not incompatible with the provisions of the chapter, and may alter and change the same from time to time as the occasion may require. And may prescribe the manner of taking the sense of the meeting upon any question, provided that the last specification shall not apply to the election of officers, which election, as provided by section 537, must be by ballot. Section 535 prescribes the order of business for all regular meetings, and that such meeting must be open at the hour named in the notice thereof. The consideration of these sections discloses the impossibility of applying the provisions of the general election law to school district elections. At the time and place designated, in the notice for a district meeting the electors when assembled vote upon the various questions before the meeting in such manner as the meeting itself may determine, with the exception that the election of trustees and the question of issuing bonds must be determined by ballot. It was unnecessary to have held the polls open at the meeting in question for any certain length of time so long as all of the electors present had an opportunity to vote. The procedure of school district meetings where the electors assemble at a certain specified hour is totally different from that governing a general county or state election. The hour designated in the notice for the meeting

in question was the most convenient hour of the day for a meeting of that kind. The meeting was held as provided by law and the result was a vote in favor of the bonds. The judgment upholding the validity of the bonds should be affirmed.

BEARD, JUSTICE.

This action was commenced by the plaintiff in error in the district court of Sweetwater county to enjoin the trustees of school district No. 4, in said county, from issuing the bonds of the district for the purpose of raising funds to build and furnish a school house. The court refused to grant an injunction, dismissed plaintiff's petition and entered judgment against him for the costs of the action, from which judgment he brings the case here on error.

The case has been submitted on briefs, without oral argument, and there is but one question presented by the brief of plaintiff. The admitted facts are, that school district No. 4 is a duly organized and existing school district and that the other defendants are its trustees; that a special meeting of said district was regularly and legally called for the 21st day of December, 1908, at the high school room in the city hall of the town of Rock Springs in said district at the hour of 8 o'clock p. m. of said day. The notice stating that the purpose of the meeting was to submit to the qualified electors of said district the question of authorizing the trustees of said district to issue the coupon bonds of said district in the sum of $19,000, for the purpose of providing funds for building and furnishing a school house in said district; the bonds to bear interest at the rate of five per cent. per annum, to be payable twenty-five years after date and redeemable at the option of the district ten years after the date thereof. No question is presented as to any irregularities in the giving of the notice, or that it did not fully comply with the provisions of the statute in reference to the calling of special meetings of the district. The contention, and the only contention, of the plaintiff is that the election

or meeting was not conducted according to the general election laws of the state which require the polls to be opened as soon after 9 o'clock a. m. as possible and to be kept open until 5 o'clock p. m.

The provisions of our statutes with reference to the government of school districts and defining the powers of the district at its annual meeting and at special meetings, so far as they affect the question in this case are as follows: "At the regular district meeting of school districts in each year, at the time now provided by law for the election of trustees, such district meeting shall be opened by proclamation of the trustees, at the hour named in the published or posted notice of the meeting. And the order of business at such meeting shall be: 1. Reading and consideration of the report of the clerk and treasurer. 2. Voting of money to be raised by special tax. 3. Election of trustee or trustees. 4. Miscellaneous business." (Sec. 535, R. S. 1899.) Sec. 537 provides that the trustees shall be elected by ballot, and special meetings of the district are provided for, which special meetings shall be called by the trustees in the following mentioned cases. "Sec. 547. They shall, upon the written request of five legal voters of the district, or whenever they deem it expedient, call special meetings thereof; but in all such cases, the notice of such meeting shall clearly state the precise object for which it is called, and the time and place at which it is to be held." With reference to bonding the district the statute provides as follows: "Sec. 570. The board of trustees of any school district may, whenever a majority thereof so decide, submit to the electors of the district the question whether the board shall be authorized to issue the coupon bonds of the district to a certain amount, not to exceed two per cent. of the taxable property in said district, and bearing a certain rate of interest, not exceeding six per cent. per annum, and payable and redeemable at a certain time, not exceeding twenty-five years, for the purpose of building one or more school houses in said district, and providing the same with

necessary furniture, and funding outstanding indebtedness evidenced by warrant or otherwise, against said district."

"Sec. 571. Such election must be held in the manner prescribed for general or special elections *in school districts,* and the ballots must contain the words 'Bonds, yes'; or 'Bonds, no.'" By these provisions of our school law we think it is clear that all business of the school district which the law requires to be submitted to a vote of the qualified electors of the district is to be so submitted and determined at the regular annual meeting or at a special meeting called for a specific purpose. It is at the annual meeting that a trustee or trustees are to be elected; and, strictly speaking, that is the only *election* held in the district. It is a part of the business of the meeting the same as the voting of money to be raised by special tax or any other question legally coming before it. The law fixes the date for the annual meeting on the first Monday in May of each year, but the *hour* of meeting is to be fixed in the notice of the meeting (Sec. 535, *supra)* and the same is true as to special meetings (Sec. 547, *supra).* There is no provision found anywhere in the school law making the general election laws of the state with reference to the time of opening and closing the polls applicable to school district meetings. It is at a meeting of the qualified electors of the district that all business of the district upon which they are to vote is to be transacted, and the term "district meeting" means a coming together—an assembling of the electors in a body at a stated time and place. It was substantially so held in Miller v. School District, 5 Wyo. 217, where the court said: "If the meeting has been duly warned or called, those who assemble, though less than a majority of the whole, have the power to act for and bind the whole, unless it is otherwise provided by law, and those who are absent are justly and conclusively presumed to assent fully to the action of those who attend." That is also the construction placed upon the statute by the Attorney General, in an opinion dated April 21, 1909, (not yet published) in which he says,

"that if the notice of the time and place of the special district meeting was given in the manner prescribed by statute, and the meeting was opened at the time and place specified in the notice, and fairly conducted, it is my opinion that the proceedings there had are legal and binding upon the district, irrespective of the number of electors present, or the time devoted to balloting upon the bond proposition." It should be stated that when this meeting was opened at 8 o'clock p. m. and was duly organized, that by vote of those then present it was decided to keep the meeting open until 8:30 o'clock p. m. in order to afford opportunity to those who might appear within that time to vote upon the proposition. There is no claim made that ample time and opportunity was not given to all electors who appeared at the hour designated in the notice or within one-half hour thereafter to vote.

It being conceded that due and legal notice of the time and place of the meeting had been given, that the meeting was duly organized and fairly conducted, we are of the opinion that the action taken was legal and binding upon the district, that the general election laws of the state as to the time of opening and closing the polls have no application to school district meetings, and that the judgment of the district court was right. It, therefore, is affirmed.

*Affirmed.*

Potter, C. J., and Scott, J., concur.