## No. 11,052.

SCHOOL DISTRICT No. 1, MORGAN COUNTY, ET AL. v. GEROLD,
ET AL.

Decided February 2, 1925.

Action to enjoin proceedings for establishing a high school. Judgment for plaintiffs.

*Reversed.*

1. SCHOOLS—*High School Organization—Meeting.* Under the provisions of chapter 163, S. L. '23, a meeting at the time specified in the posted notices, which organized, voted in favor of a high school and adjourned in 20 minutes, held legal.

2. *Meetings—Elections.* General statutes governing the conduct of school elections have no application to proceedings under chapter 163, S. L. '23, relating to the establishment of high schools in districts of the third class.

3. PUBLIC MEETINGS—*Election Statutes.* General statutes concerning elections, have no application to public meetings.

4. SCHOOLS—*Meetings—Elections.* School elections and meetings discussed and distinguished.

*Error to the District Court of Morgan County, Hon. H. E. Munson, Judge.*

Mr. WALTER S. COEN, Mr. WILLIAM B. PAYNTER, Mr. OMER T. MALLORY, for plaintiffs in error.

Mr. LEONARD E. ANDERSON, Messrs. MELVILLE & MELVILLE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

AT the suit of Gerold and others the district court enjoined further procedure for the establishment of a high school in the above named district and the case comes here for review. A demurrer to the complaint was overruled,

the defendant stood on the demurrer and there was a decree accordingly.

The real question is whether, at a meeting held pursuant to chapter 163, Session Laws of 1923, to determine the question of establishing a high school, the polls were kept open for the length of time required by law. We think they were, and that therefore, the injunction was erroneous.

The essential parts of the chapter, which is very short, are as follows: "Section 1. Organizing High Schools in Districts of the Third Class.

Whenever it deems it advisable, the board of school directors * * * may call a special meeting of the electors of the said district for the purpose of determining the question of establishing and maintaining a high school in said district, * * *. Notices specifying the time, place and object of said meeting shall be posted in three public places, one of which shall be the public school building, at least twenty days prior to the time of holding such meeting, * * *.

Section 2. Procedings. The qualified electors of the said school district, when assembled in accordance with the notice above required, shall organize by selecting a chairman who shall preside and a secretary who shall keep full and accurate minutes of the proceedings. A vote shall be taken by ballot on the question whether or not the proposed high school be established. Those in favor of the high school shall vote 'For the establishment,' and those opposed 'Against the establishment.' If two-thirds of the legal voters so voting are found to be in favor of establishing a high school, and not otherwise, the board of directors shall proceed to establish the high school as now provided by law for high schools in districts of the second class."

Nothing is said in the act about keeping polls open or about an election.

The complaint alleges that the notice in question advertised the meeting to be on July 25th, at 1 o'clock p. m.;

that it stated nothing as to the time the ballot boxes would remain open, and that at 1 o'clock the directors with electors who were in favor of the high school promptly and quickly organized, voted in favor of a high school and adjourned at twenty minutes past one; that not later than twenty minutes past one the plaintiffs arrived and were denied the right to vote because the meeting had adjourned; that the high school project would have been defeated if the polls had been open for a lawful time. There was no claim of fraud. The claim is that the polls should have beeen kept open three hours, or at least a reasonable time.

It is clear that the statute calls not for an election but for a meeting, not for the polls to be open for a given length of time for electors to come as they choose and vote without discussion, but for an assembly where the propositions for consideration may be proposed, argued and settled under the ordinary rules of order of public assemblies. This is made clear by the fact that it is called a meeting, not an election; that the notice is required to state the time of meeting but not the duration, as is the case in statutes referring to elections; that the proceedings are specified without fixed duration; the electors are to act "when *assembled* in accordance with the notice"; they are not to have judges of election but a chairman and secretary. *Regan v. School Dist.*, 44 Wash. 523, 87 Pac. 828; *Parker v. School Dist.*, 17 Wyo. 534, 101 Pac. 944. The fact that the vote is to be taken by ballot is not controlling—a very common method of procedure in meetings as distinguished from elections is by ballot. If it is intended that a decision should be made at a meeting it is inconsistent that those who have not attended the meeting should come straggling in and cast their votes after all but the judges of election have discussed the question and gone away.

The principal argument in favor of the injunction is, that where a special election is provided for, but the statute makes no provision for the mode of conducting it, it

will be governed by the law for the conduct of other elections in the district in which it is to be held (20 C. J. p. 171), and they say that C. L. § 8327, provides for a general election in school districts, and that the polls shall be open not less than three hours, and that since the statute in question does not provide for the duration, section 8327 controls it. We would assent to that proposition if the chapter 163 did not provide, specifically, for the proceedings of the meeting. The school law constantly and consistently makes distinction between meetings and elections, and the arguments of the defendants in error with reference to the sections to which they refer seem to us to recoil upon themselves. For example, C. L. § 8358, cited by counsel, provides for an election for creating a bonded indebtedness; it had to provide for an election, because the statute refers to all classes of districts and a meeting in a district of the first class is impracticable. There is no reason why a statute of this kind should be held to apply to a public meeting, and it usually is not. 38 Cyc. 616; *Seaman v. Baughman,* 82 Iowa, 216, 47 N. W. 1091, 11 L. R. A. 354; C. L. §§ 8309, 8310, 8315 and 8316. The words in the present statute are almost copied from § 8309, which refers to a vote upon the question of the original organization of the district and uses the word "meeting," clearly distinguishing it from sections 8358 and 8327, which use the word "election."

Again: In section 8309, if three hours' balloting is required on the question of organization, another three would be necessary for the election of directors, making two elections; manifestly not intended. See also sections 8310, 8315 and 8316, which relate to the consolidation of districts. In section 8315 the distinction between meetings and elections is clear, since it requires that in districts of the first class the question shall be submitted at an election, though in others at meetings. This was necessary, of course, because a district of the first class could not readily hold a meeting, owing to the great number of its electors.

The judgment is reversed with directions to sustain the demurrer.