No. 33,788

Frank O. Lowden et al., Trustees, *Appellants*, v. Karl King, County Treasurer of Sherman County, and School District No. 73 in Sherman County, *Appellees*.

(78 P. 2d 29)

Opinion filed April 9, 1938.

*Luther Burns, J. E. DuMars,* both of Topeka, and *Elmer E. Euwer,* of Goodland, for the appellants.

*Fred H. Aten,* of Goodland, *W. L. Sayers* and *Wendell P. Sayers,* both of Hill City, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action to recover taxes paid under protest. Judgment was for defendants. Plaintiffs appeal.

After the formal allegations the petition alleged that a levy was made by school district 73 of 17½ mills; that the total valuation in the district was $941,812; that such a levy applied to this valuation would produce $16,481.71. The petition then alleged that the maximum levy authorized by law for the district was 14 mills; that this levy was fixed by G. S. 1935, 79-1956; that provision was made by G. S. 1935, 79-1964, for an increase in this levy of 25 percent over that authorized by statute by a three-fourths vote of the electors of the district at the annual school meeting; that this increased levy, if so authorized, would amount to 17½ mills; that no election on this question was held at the meeting; that the only question submitted was the adoption of the budget of $15,000 for the ensuing school year; that the increased levy of 3½ mills was void; that this void levy upon the property of plaintiffs in the district produced $757.52;

that this amount was paid under protest; that application for relief had been made to the state tax commission and denied.

The second cause of action contained like allegations for the taxes for the second half of the year.

Defendants for answer filed a general denial, then alleged that more than ten days previous to May 25, 1934, the clerk of the district posted in three places in the district a notice of the annual school meeting, and with the notice posted a copy of an itemized budget.

The answer further alleged that on May 25, 1934, the electors of the district held the meeting, and in relation to the levying taxes for the ensuing year, had the following proceedings:

"Moved and seconded to have a nine months school for ensuing year. Motion carried."

The answer alleged further that the budget was read to the meeting; that this budget called for the expenditure of $15,000; that the school board announced to the meeting that the adoption of the budget would require a levy of 17½ mills on the property in the district; that the budget of $15,000 was adopted by a vote of 69 for and none against. The reply was a general denial.

At the trial the essential facts were agreed upon. It was agreed that a levy of 17½ mills was made; that the taxable property in the district was $941,812; that a levy of 17½ mills applied to this valuation would produce $16,481.71; that the taxable property of the plaintiffs in the district was $216,437 and that the levy of 3½ mills applied to this valuation would produce $757.52. It was also agreed that the taxes were paid under protest and that the plaintiffs had applied to the state tax commission for relief, and relief was denied. The defendants did not agree as to the sufficiency of the protest. It was agreed that the notice of the meeting of May 25, 1934, was posted; that the minutes of the meeting showed, among other things, that a budget of $15,000 was discussed and approved by a standing vote of 69 for and none against; and that a levy of 17½ mills was extended over all the taxable property in the district; and that this exceeded the legal levy of 14 mills by 3½ mills.

It was further agreed that a true copy of the budget discussed at the meeting was attached to the notice of the meeting. The written protest filed with the county treasurer when the taxes were paid was admitted in evidence. The protest was based upon the ground

that the meeting did not comply with the requirements of G. S. 1935, 79-1964. That is the section which provides that the legal levy may be increased by 25 percent by a vote of 75 percent of the electors of the district. After an examination of the stipulation as to the facts the trial court held that the levy was regular in every way and gave judgment for the defendants. Plaintiffs appeal from that judgment.

Plaintiffs argue that the action of the electors at the meeting in voting upon the budget of $15,000 did not satisfy the requirement that the increased levy must be voted on. In this connection plaintiffs point out that 25 percent of 14 mills is 3½ mills, and that a levy of 17½ mills upon the district valuation of $941,812 would produce a tax of $16,481.81, provided all the taxes were paid. Plaintiffs argue from this that the levy upon its face was excessive and therefore void. The trial court met this argument by pointing out that judicial notice would be taken that not all the taxes levied in the district would be paid. G. S. 1935, 10-1120, provides as follows:

"The levying of a tax by any municipality which raises more money than is used or needed for the tax year shall not be the basis of a protest by any taxpayer and all such protests shall be of no force or effect."

See, also, *Voshell v. Peterson*, 142 Kan. 448, 50 P. 2d 941. It is well established that the mere fact that a levy by the district would raise more money than was actually needed for the tax year does not give a taxpayer the right to pay his taxes under protest and bring an action to recover them.

Plaintiffs next argue that the proposition voted upon at the meeting was not a vote upon an increased levy, but merely the adoption of a budget. An examination of the record discloses that at the beginning of the meeting the notice calling it was read. This notice provided that in order to raise the amount of money provided for in the budget it would be necessary to have a levy of more than 14 mills, but not exceeding 17½ mills. The notice contained the following statement:

"The district meeting is to designate the amount of money to be raised by taxation and not the number of mills to be levied. The county commissioners will fix a levy that will raise the amount of money voted."

All parties agree that this is a correct statement. (See G. S. 1935, 79-2931.) Since this is true there is nothing upon which the electors could vote other than to approve the amount of money to be used in carrying on the business of the district for the ensuing

year. When they voted on this question and a budget of $15,000 was approved this action gave the county clerk authority to make the levy necessary to raise this amount. In a case of this sort all reasonable presumptions will be indulged in favor of the validity of the proceedings. (See 61 C. J. 573.)

Plaintiffs next argue that in holding the election to vote upon the question of the increased levy, the voting should have been by ballot pursuant to section 1 of article 4 of the constitution of the state. The question is whether the election provided for in G. S. 1935, 79-1964, is such an election as the constitutional provision contemplated.

In *Martin v. School District*, 57 S. C. 125, 35 S. E. 517, the court said:

"Voting for a school tax in a special school district viva voce is not in violation of the constitutional provisions as to elections." (Syl. ¶ 4.)

See, also, *Seaman v. Baughman*, 82 Ia. 216, 47 N. W. 1091. In *Regan v. School District No. 25*, 44 Wash. 523, 87 Pac. 828, the court, in considering a similar question, said:

"But the meeting provided for by section 2442 is not an election, and we do not think that there is anything in the statute requiring a vote by ballot, a ballot box or the keeping open or closing of polls. It was a meeting of the voters of the district for conference and consultation, fashioned after the town meetings of the New England and other older states of the union. That it was not intended to be an election is evidenced by the fact that no provision is made by the statute for an inspector, judges, or other election officers; but provision is thereby made for a chairman and a clerk of such meeting and for a record of the proceedings to be kept, certified and filed by said clerk. It is possible that ballots and ballot boxes might be used, but there is nothing in the statute requiring them, and nothing prescribing any particular form of voting at such a meeting. This being true, it would seem that those participating might themselves adopt and carry out any method of procedure and manner of voting which they might desire." (p. 524.)

The proceedings were conducted pursuant to the provisions of G. S. 1935, 79-1964. That section is a general one dealing with increased levies in any taxing district. The first proviso is as follows:

"That under the provisions of this section a vote may be had upon the question of an increased levy at the annual meeting of any school district."

Provision is then made for the publication of notice of the election. We find the following exceptions, however, as to school districts:

". . . except school districts, but in school districts by posting a notice in the manner provided by law for other elections or meetings."

The notice required by law for school districts provides for the posting of a budget along with the notice. (See G. S. 1935, 79-2931.) This requirement was complied with in this case.. These statutory provisions are of interest to us here because they indicate that the business of a school district is carried on in a different manner than that of other taxing districts. While G. S. 1935, 79-1964, uses terms that ordinarily apply to an election as it is commonly referred to, where the voting is done by means of a printed ballot and after a notice published in a newspaper, still, in the case of a school district, it was intended clearly that its business should be transacted at the annual school meeting just as it always has been in this state.

We have concluded that the provisions of G. S. 1935, 79-1964, providing for the submission of the question of increasing the tax levy, contemplated the usual and ordinary election as is conducted at a district school meeting, and not a vote by ballot. Our attention has been called to the holding in *Lathen v. Campbell,* 7 Kan. App. 388. That case holds that an election of officers at a school-district meeting constituted an election under the terms of section 1 of article 4 of the constitution. We are not disposed to follow that authority here.

The judgment of the trial court is affirmed.