No. 17,094.

Swanson et al. *v.* Prout.

(259 P. [2d] 280)

Decided June 8, 1953.

Mr. J. Fred Schneider, Mr. John Iacoponelli, for plaintiffs in error.

Mr. Robert A. Theobald, Lois G. Theobald, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Judging from what is designated as a record filed herein, it is a fair guess that on the 7th of April, 1953, a document entitled "Statement of Intention to Contest Election" was filed in the county court of Summit county, Colorado. The contestor, as designated plaintiff, named plaintiffs in error, who were members of the school board of District No. 9, Summit county, as defendants, or contestees. Upon the filing thereof, a summons was issued under the hand of the judge of the county court, directing defendants, or contestees, to answer the statement within ten days from the date of the service of the summons, in which summons it was stated that it was issued in a proceeding for the contest of the election of school district No. 9, held on April 2, 1953.

As is to be observed later, there was no election held on that date; the statement is a misnomer, and under such misnomer, an attempt was made by the contestor, and followed through by the court, to proceed under section 79, chapter 146, '35 C.S.A., which section and other sections of chapter 146 relate to school board elections and are not remotely related to what happened here, namely, *a meeting* to decide the question of consolidation of school districts Nos. 8 and 9, in said county, which is provided for by section 68 of chapter 146, '35 C.S.A. as amended (S. L. '39, p. 512), and is as follows: "The school boards of two (2) or more adjoining school districts may submit the question of consolidation, and on the petition of not less than one-fourth (¼) of the number of qualified electors of each of such school districts voting at the last regular school elections in said districts, must, within thirty (30) days after the filing of such petition, submit such question to a vote of the qualified electors of such districts; *provided,* that in districts of the

third class not less than one-fifth (1/5) of the number of qualified electors of such district shall be sufficient to submit the question to a vote of the qualified electors, but in no case in districts of the first class shall any said petition, containing less than five hundred (500) names, be held valid, and in no case in districts of the second class, shall any said petition containing less than three hundred (300) names be held valid. For the purpose of determining the question in districts other than districts of the first class, the secretary of the school board in each district affected shall call a special meeting of the electors of said districts, to be held at the usual place of holding school district elections, by posting a notice in three (3) conspicuous and public places in said district, stating the object and designating the day, hour and place of meeting. The legally qualified electors when assembled in accordance with the notice above specified shall vote by ballot for or against such consolidation. Those in favor will vote 'for consolidation—Yes,' those opposed 'for consolidation—No.' If at said meeting more votes are cast against the proposition by either district than for it, the question shall not be again submitted to the electors of said adjoining districts for a period of one (1) year; *provided,* for the purpose of determining the question in districts of the first class the board of directors of each district must cause said question to be submitted to the qualified electors of their respective districts at the next general school election occurring after the petition is filed with the secretary of the respective boards; *provided,* said petition is filed more than thirty (30) days prior to the date of said election. At said election those in favor will vote 'for consolidation' and those opposed 'against consolidation.' If at said election there are more votes cast against consolidation in either district than for the consolidation, the question shall not be again submitted to the electors of said adjoining districts for a period of two (2) years."

No jurisdiction is conferred upon a county

court by the statute to entertain actions of this kind, and as has long been known and understood in this state, county courts are, by section 23, Article VI of our Constitution, given "original jurisdiction in all matters of probate * * * and such other civil and criminal jurisdiction as may be conferred by law." The county court is an inferior tribunal and is thereby of limited jurisdiction. If this was an election contest, which it is not, it would not be an action in equity, but purely a statutory proceeding, and where the legislature has failed to confer jurisdiction in a specific matter, it follows that the county court erroneously assumed jurisdiction, and it is the duty of this court to rule strictly with regard to matters of jurisdiction of inferior courts to the end that such courts are kept within the limits of their jurisdiction.

Petitions for consolidation of school districts presumably containing a sufficient number of signatures of electors as required by statute, were filed some place, at least the secretaries of the school boards of the districts involved called a *special meeting* of the electors of their respective districts to be held, stating the object and designating the day and the place of said *meeting*. Without anything in the record to assure us, we assume that the notices were according to the statutory provision. At any rate, the electors assembled on April 2, 1953 and in District No. 8, voted unanimously for consolidation, and in District No. 9, twenty-seven voted for consolidation and thirty-one against consolidation. At the meeting in District No. 9, it is stated that seven persons presented themselves to vote, but were denied. The reasons for denial are not pleaded or shown in the testimony. Contestor then filed this proceeding. The contestees named entered their appearance by filing a consolidated motion to dismiss on the ground that the court had no jurisdiction over the subject matter; that this was not an election contest as contemplated by the election laws of the state; and that the statement failed to state a claim against defendants upon which relief

could be granted. These motions were heard and summarily overruled; contestees were denied time in which to file an answer; and the court proceeded to hear contestor's case, at the conclusion of which, it determined it had jurisdiction and ordered consolidation of the districts.

The briefs that are filed by counsel for contestor, defendant in error, represent a wasted effort, because the entire argument, and the cases cited, relate to election contests, and are therefore foreign to the matter at hand. This apparently is due to a failure on the part of the contestor to distinguish between "elections" and "meetings." It is abundantly clear from the wording of the statute that nothing more is intended than that the electors assemble at a specified time and place and dispose of, by voting, the question submitted according to the usual rules for order of business of public assemblies. There is nothing in this particular statute about elections, polls, ballot boxes or any of the matters and things that pertain strictly to elections, and if it appears that the electors assembled according to the notice, and action was taken and the assembly adjourned, full compliance with the statute was met. The general principles here involved are definitely determined in *School District v. Gerold,* 76 Colo. 555, 233 Pac. 162.

We are at a loss to understand why counsel for defendant in error contend that the contest involves the election of the school directors of District No. 9, when the matter submitted to the meeting was solely a question of consolidation, concerning which, the statutes providing for the election of school directors have no application.

There being no election contest involved, there was no basis for this case. The statutes failing to confer jurisdiction on the county court, no intendments may be indulged in favor of jurisdiction; therefore, the county court, in assuming jurisdiction, did so over nothing, and its decree declaring consolidation of the districts is whol-

ly void. If contestor has a remedy, search is to be made elsewhere than in the statutes he here attempted to invoke.

The judgment is reversed and the cause remanded with directions to dismiss the case.