No. 17,888.

DUKE W. DUNBAR, ATTORNEY GENERAL, ETC. *v.* SUPERIOR
COURT OF THE CITY AND COUNTY OF DENVER AND HON.
MITCHEL B. JOHNS, JUDGE.

(300 P. [2d] 530)

Decided July 30, 1956.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN B. BARNARD, JR., Assistant,
Mr. EDWARD N. JUHAN, Assistant, for petitioner.

Mr. MAURICE REULER, for respondents.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Elmer John Mikita, also known as Mickey May, alleges that in December of 1954, he applied to respondent Director of Revenue of the State of Colorado, for an automobile driver's license and successfully took the examination and license was prepared by the department but never mailed to him. On January following, respondent department, acting under chapter 13, subsection 1, C.R.S. '53, denied applicant the right to drive his motor vehicle in the state of Colorado and notified applicant of this action. A hearing was held on the 14th day of March 1955 and the revocation was sustained on the ground, as stated in the order of denial, that the relator was guilty of being an incompetent driver.

On March 16, 1955, the relator was listed with respondent department as a driver involved in an automobile accident and on the 4th day of May respondent sent relator a notice that he was suspended indefinitely from his driving privileges under what is known as the safety responsibility law, being 13-7, C.R.S. '53. July 11, the relator complied with this statute by filing with respondents a release from liability secured from the other party involved in the automobile accident. Upon the filing of this release, respondent department prepared a notice of reinstatement under the safety responsibility law, but never issued the notice of reinstatement to the relator, and that this notice still remains in the file of respondent department.

Claiming that the action of respondent was arbitrary, capricious, unreasonable and constituted an abuse of discretion, applicant filed in the superior court of the City and County of Denver a petition for alternative writ pursuant to Rule 106, R.C.P. Colo., in which he prayed that the license suspension be lifted and that the order of denial be held to be arbitrary and unconstitutional; that the order be revoked; that respondents be ordered

to issue to applicant the driver's license now held in its files; and for other relief.

November, 1955, the superior court entered its order for issuance of the alternative writ in the nature of mandamus, and after some orders concerning dates of hearing and a motion to dismiss on the ground the court had no jurisdiction, the trial court denied the motion to dismiss and stated that the statute gives the court jurisdiction, and that it could entertain this type of action and readied itself to proceed in the matter.

January 23, 1956, the Governor of the State of Colorado issued a written requirement for the appearance of the Attorney General of the State of Colorado to appear in said action in the superior court and to institute proper action in the superior court and such other things as were necessary were stated therein, and that it appeared that the superior court has no jurisdiction to entertain such an action against an administrative official of the sovereign State of Colorado, and that the state is vitally interested.

Thereupon the Attorney General, on January 23, made application to this court for a writ in the nature of prohibition to issue and be directed to the superior court of the City and County of Denver, and the judge thereof shall stay all further hearings or proceedings for the reason that said court is without jurisdiction over the matters alleged in the petition; further, that the jurisdiction of the superior court is limited to causes specified in the enactment of the legislature creating said court, being chapter 39 of the Session Laws of 1954 as amended by chapters 114 and 115, Session Laws of 1955; that this is a matter of great public importance; that respondent Director of Revenue has no plain, speedy or adequate remedy other than by virtue of relief by a writ in the nature of prohibition; that the order denying the motion to dismiss filed by respondents is not a final judgment from which a writ of error may issue; that to prevent unnecessary and prolonged litigation this writ is sought;

and also prayed that a citation issue to respondents to show cause why they and each of them should not be prohibited from proceeding further in the case herein-before described.

It cannot successfully be questioned that the action in the superior court is a civil action and therefore governed by the rules of civil procedure, and particularly Rule 106. There is a tendency in the brief of applicant to suggest that an executive officer of the state, as is here involved, is superior to respondent court, and further it is suggested that the only writs that could be issued by the superior court would be to an inferior tribunal. This contention is not applicable due to the finding of this court in the case of *Sapero v. State Board of Medical Examiners,* 90 Colo. 568, 11 P. (2d) 555, wherein it is determined that a board is not a court and is inferior to a court. Respondent here is an officer of the revenue department of the State of Colorado and inferior to the superior court as created in the City and County of Denver as to the question of judicial review of its acts, and this is clearly indicated by Rule 106, supra, which is as follows:

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. * * *."

The superior court of the City and County of Denver was created and established by an act of the legislature approved February 24, 1954, and appearing as chapter 39, S.L. '54. This Act established superior courts as courts of record in all counties or cities and counties of the state having a population of 300,000 or more inhabitants, and the jurisdiction given to such a court was exclusive in certain matters of appeal from lower tri-

bunals, displacing the jurisdiction of county courts wherever such superior courts could be established. The jurisdiction provided in the Act that is of importance here is section 2 (b): "Such superior courts shall have original jurisdiction concurrent with the district courts and county courts in all civil actions, suits and proceedings whatsoever where the debt, damage or claim or value of the property involved shall not exceed $2,000. * * * "

The terminus of this phase of this litigation may easily be approached by holding that this action is indicated by Rule 106 (4), R.C.P. Colo., quoted herein. We perceive that no argument would have been presented here had this action originated in the district court. It follows that from the jurisdictional provision of the act creating the superior court that as above quoted, no successful argument can be made against the jurisdiction of the superior court when it has original jurisdiction concurrent with the district courts in the matter involved in the instant case. If the action as commenced in the superior court proceeds to final determination there, the party aggrieved may, according to the provisions of the Act, obtain a writ of error from this court to every final judgment of the superior court.

Respondent Director of Revenue Department of the State of Colorado is, according to section 4 above quoted, considered to be an inferior tribunal since such is defined in the Act, whether a court, board, commission or officer, and as such, exercising judicial or quasi-judicial functions or abused its discretion, and is subject to the relief provided for under the rule there and as followed here.

It being clear that respondent court and the judge thereof, has full jurisdiction to hear and determine the matter presented, it follows that the rule to show cause should be, and is, discharged; that this action is dismissed; and respondent directed to proceed as may be determined.