No. 22848.

THE DENVER COUNTY COURT; THE HONORABLE WILLIAM H. BURNETT, COUNTY JUDGE PRESIDING; AND THE HONORABLE JOHN F. SANCHEZ *v.* ROBERT HARRISON LEE.
(439 P.2d 737)

Decided April 22, 1968.

456

James D. McKevitt, District Attorney, Gregory A. Mueller, Assistant, Douglas M. Kerr, Deputy, for plaintiffs in error.

Edward H. Sherman, Public Defender, David G. Manter, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This writ of error presents for our consideration one question only, namely: Does the Superior Court of the City and County of Denver have jurisdiction to issue a remedial writ to prohibit proceedings in an action brought in the County Court of the City and County of Denver? Our answer is in the negative.

The Superior Court of the City and County of Denver is purely a creature of the statute, C.R.S. 1953, Chapter 37, as amended. The legislature had authority to create such a court by reason of Article VI, Section 1, of the Colorado constitution which vested the judicial power of the state in certain named courts together with such other courts as the General Assembly might from time to time establish. The jurisdiction of each of the courts specifically created by the Colorado constitution was specifically set out in the constitution. The jurisdiction allocated to the courts created by the General Assembly pursuant to constitutional authority is a matter for the legislature to determine.

The statute creating the Superior Court gives

it jurisdiction in matters on appeal from the County Court, and original jurisdiction in civil actions, suits and proceedings where the debt, damage, or claim, or value of the property involved in such actions is more than five hundred dollars, and does not exceed five thousand dollars. Such a grant of jurisdiction does not give the Superior Court the power to issue what are traditionally known as the original or remedial writs. Such writs are not appellate procedures, but are rather new actions. These writs cannot be used in connection with or in aid of appellate procedures. See *People v. Richmond*, 16 Colo. 274, 283, 26 P. 929, 932. Nor are such writs civil actions, suits, or proceedings where the debt, damage, or claim, or value of property involved in such civil actions is more than five hundred dollars but does not exceed five thousand dollars. It is clear that the civil actions contemplated by the statute are suits dealing with the recovery of money or property.

The Superior Court is limited in its jurisdiction to that which the legislature has conferred upon it. It is the duty of this Court to rule strictly with regard to matters of jurisdiction of statutory courts to the end that such courts are kept within the limits of their jurisdiction. Where statutes creating courts fail to confer jurisdiction over certain matters, no intendments may be indulged in favor of such jurisdiction. *Swanson v. Prout*, 127 Colo. 550, 259 P.2d 280.

We are not unaware of *Dunbar v. Superior Court*, 134 Colo. 107, 300 P.2d 530. We recognized the incorrectness of that decision on March 31, 1964 when we amended the Rules of Civil Procedure to provide that the remedies set out in Rule 106 should not be available in the Superior Court. Thereafter, in 1965, the legislature again passed Chapter 37, Article 10, of the Revised Statutes of 1963 in substantially the same form as it had existed prior to our amendment of Rule 106. This is the first time we have had an opportunity to deal with *Dunbar v. Superior Court, Supra,* in an

adversary proceeding since it was promulgated, and we now reiterate our rejection of that case and specifically overrule it.

The judgment is reversed and the petition for a writ of prohibition in the Superior Court is ordered dismissed.