2015 COA 120

**COLORADO SPRINGS CITIZENS FOR COMMUNITY RIGHTS,**
Plaintiff–Appellant,

v.

**CITY OF COLORADO SPRINGS, Colorado; and Title Board, an Entity of the City of Colorado Springs, Colorado, Defendants–Appellees.**

14CA1028

Colorado Court of Appeals, Div. III.

Announced August 27, 2015

Brad Bartlett, Kevin Lynch, Denver, Colorado, for Plaintiff–Appellant

Wynetta P. Massey, City Attorney, Michael K. Gendill, Senior Assistant City Attorney, Colorado Springs, Colorado for Defendant–Appellee

Opinion by JUDGE FOX

¶1 This case requires us to determine whether defendants, the City of Colorado Springs and the Title Board, an entity of the City of Colorado Springs (collectively the City), may enforce a city ordinance requiring that any citizen-initiated proposal to amend the city's charter contain only one subject (the single-subject rule). Plaintiff, Colorado Springs Citizens for Community Rights (CSCCR), challenged the ordinance on the ground that it effectively amends the city's charter—which, according to CSCCR, the City cannot do without submitting the amendment to a vote of its registered electors. CSCCR appeals the district court's order upholding the ordinance, and we affirm.

## I. Background

¶2 CSCCR is an advocacy group opposed to the use of hydraulic fracturing (fracking) in oil and gas production. In 2013, CSCCR attempted to amend the Charter of the City of Colorado Springs (City Charter) to prohibit fracking within city limits. CSCCR formed a petition committee, which drafted a proposed ballot initiative to amend the City Charter. In accordance with the Colorado Springs City Code (City Code), it then submitted the draft to the city clerk, who forwarded the draft to the city's Initiative Review Committee (IRC). City Code § 5.1.506 (2014). The draft eventually reached the city's Title Board, which is charged with reviewing drafts of ballot initiatives to ensure that they comply with the City Code. City Code § 5.1.507(A) (2014). The Title Board rejected CSCCR's draft amendment.

¶3 The basis for the rejection was the City's single-subject rule, which states that the IRC and the Title Board "shall ensure that initiatives contain only single subjects to enable voters to understand the subject matter of the initiative." City Code § 5.1.503(B) (2014). The Title Board concluded that the proposed ballot initiative contains "more than one subject, more than one distinct and separate purpose," and that the single-subject rule therefore barred the Title Board from placing the initiative on the ballot for the next municipal election. CSCCR petitioned the Title Board for rehearing, and the Title Board again rejected the draft.

¶4 After the second rejection from the Title Board, CSCCR filed a complaint in district court challenging the validity of the single-subject rule.[1] CSCCR asserted that the single-subject rule conflicts with the City Charter, which states that the Municipal Home Rule Act, §§ 31–2–201 to –225, C.R.S. 2014 (MHRA), controls amendments to the Charter. CSCCR argued that, because the single-subject rule adds a requirement to the charter amendment process that is not found in the MHRA, the rule is effectively an amendment to the charter. Because amendments to the charter must be approved by a majority vote of the city's registered electors, see § 31–2–210(6), C.R.S. 2014, CSCCR contended that single-subject rule is invalid. The district court dismissed CSCCR's claim.[2]

## II. Standard of Review

¶5 This case requires us to examine the MHRA, the City Charter, and the City Code to determine whether they conflict. We review the district court's order de novo, giving effect to the purposes of the MHRA, the code, and the charter. *Benefield v. Colo. Republican Party*, 2014 CO 57, ¶11, 329 P.3d 262 ("[A] statute has meaning according to the legislative intent expressed in the language actually chosen by the legislature.");

1. The complaint also challenged the Title Board's conclusion that the proposed initiative violated the single-subject rule. CSCCR voluntarily dismissed that claim, however, and the merits of the Title Board's decision are not at issue here.

2. In their briefs, the parties also argue about which rule of civil procedure governs the district court's review of the Title Board's decision. We need not resolve this dispute. The parties agree that, if the single-subject rule is enforceable, the Title Board acted within its authority and discretion to reject CSCCR's proposed ballot initiative. Therefore, the only issue on appeal is whether the district court erred by concluding that the single-subject rule is enforceable.

*MDC Holdings, Inc. v. Town of Parker*, 223 P.3d 710, 717 (Colo.2010) ("Our primary task when interpreting local government legislation is to determine and give effect to the intent of the body enacting it."); *N. Ave. Ctr., L.L.C. v. City of Grand Junction*, 140 P.3d 308, 310 (Colo.App.2006) (when the outcome of the case depends on the interpretation of a city charter, we review the district court's ruling de novo).

## III.  Discussion

¶ 6 CSCCR contends that the single-subject rule is effectively an amendment to the City Charter because it alters, or adds to, the charter's amendment requirements.  We disagree.

▪ ¶ 7 As relevant here, the City Charter states in Article XV, section 15–50 that the MHRA "shall govern the submission of [c]harter amendments." The MHRA, in turn, provides that citizens seeking to amend a city charter can initiate the amendment process by filing a petition containing "the text of the proposed amendment" with the city clerk. § 31–2–210(1)(a)(II) (titled "[p]rocedure to amend or repeal charter").  But, as a division of this court has observed, the MHRA "does not define 'proposed amendment' or provide substantive criteria for such an amendment." *McCarville v. City of Colo. Springs*, 2013 COA 169, ¶ 14, 338 P.3d 1033.  "Hence, the statute leaves room for a home rule municipality to establish the criteria of a proposed amendment to its charter." *Id.* at ¶ 19; *see* Colo. Const. art. XX, § 6 (giving home rule municipalities all the powers of the General Assembly with regard to municipal electoral matters); Colo. Const. art. V, § 1(9) ("[M]unicipalities may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation.").

▪ ¶ 8 Here, the City has exercised its legislative powers to enact criteria for proposed amendments to its charter—among them, the single-subject rule.  *See McCarville*, ¶ 19.  As a division of this Court explained in *McCarville*, a draft of a citizen initiative does not become a "proposed amendment" until it has satisfied these criteria. *Id.* at ¶ 14.  Because the charter amendment procedures established by the MHRA

apply only to "proposed amendments," they do not apply until after the City's single-subject rule has been satisfied.  *See id.* Therefore, the single-subject rule does not alter the amendment process outlined in the MHRA. Rather, it works in tandem with it. *See id.*  Indeed, the City Code explains that its procedures are designed "to clarify the procedures of Charter amendments *without modification* of the [MHRA]." City Code § 5.1.502 (emphasis added).  And, because the MHRA amendment procedures are undisturbed by the City's single-subject rule, the rule does not conflict with or effectively amend the City Charter provision stating that the MHRA shall govern the submission of charter amendments.  *See McCarville*, ¶ 14.

▪ ¶ 9 Moreover, the single-subject rule is not, as CSCCR contends, a substantive limitation on citizens' power to amend the City Charter; it is merely an election ordinance.  The rule does not prohibit citizens from voting on any particular subject matter and it does not limit how many charter amendments a single group may propose. It simply requires that citizen groups submit amendments which address only a single subject at any one time.  It is well within the City's power, under Article XI of the City Charter, to pass municipal ordinances governing elections.

¶ 10 *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995), which CSCCR cites in support of its contrary argument, does not compel a different conclusion.  In that case, the United States Supreme Court heard a challenge to an amendment to the Arkansas Constitution which prohibited the name of an otherwise-eligible candidate for the United States Congress from appearing on the state's general election ballot if that candidate had already served three terms in the United States House of Representatives or two terms in the United States Senate. *Id.* at 783, 115 S.Ct. 1842.  The Court struck down the provision on the ground that it violated Article I of the United States Constitution, which defines the qualifications for membership in the United States Congress. *Id.* at 788, 115

S.Ct. 1842. The Court reasoned that, though the Arkansas amendment was framed as a "ballot access restriction," it in fact altered those qualifications—something that can only be accomplished by amending the Constitution. *Id.* at 829, 115 S.Ct. 1842. The Court held that the Arkansas amendment constituted "an indirect attempt to accomplish what the Constitution prohibits Arkansas from accomplishing directly," specifically, changing the qualifications for membership in the United States Congress. *Id.* CSCCR asserts that the City, like Arkansas, is attempting to do indirectly what it cannot accomplish directly: amend the City Charter without putting the amendment to a citizen vote. We are not persuaded. Whereas the United States Constitution expressly establishes the exclusive qualifications for members of Congress, *id.* at 789, 115 S.Ct. 1842, neither the City Charter nor the MHRA sets forth the requirements for a proposed amendment to the City Charter. Therefore, the single-subject rule simply fills a void left by the City Charter; it does not alter or amend any charter provision. CSCCR attempts to distinguish *McCarville* by pointing out that, in that case, the plaintiff challenged the single-subject rule on the ground that it violated the Colorado Constitution. Here, in contrast, CSCCR is challenging the rule on the ground that it violates the City Charter. The distinction is illusory. *McCarville* addressed whether the City's single-subject rule violated the constitution *and* the MHRA. *See* ¶¶ 6, 11–13. And, because neither the City Charter nor the MHRA sets the requirements for a proposed charter amendment, the City's single-subject rule simply fills a void that neither the charter nor the MHRA occupied. *See McCarville,* ¶ 19.

¶ 11 Under Article V, section 1(9) of the Colorado Constitution, the City has the power to "provide for the manner of exercising the initiative and referendum powers as to their municipal legislation." That is precisely what the City did here in establishing a single-subject requirement for proposed charter amendments. Therefore, we conclude that the district court did not err by upholding the single-subject rule.

## IV. Conclusion

¶ 12 The order is affirmed.

JUDGE DAILEY and JUDGE LICHTENSTEIN concur.