**CITY OF ENGLEWOOD, a Colorado Home Rule Municipal Corporation; Andrew J. McCown, as City Manager of the City of Englewood; and Gary R. Higbee, as Director of Finance and ex-officio City Clerk-Treasurer of the City of Englewood, Plaintiffs-Appellants,**

v.

**J. Louis PARKINSON, Municipal Judge and the Municipal Court of the City of Englewood, Defendants-Appellees.**

No. 83CA1435.

Colorado Court of Appeals,
Div. III.

Feb. 14,. 1985.

Rehearing Denied April 4, 1985.

Certiorari Denied Aug. 19, 1985.

Rick Dewitt, City Atty., David J. Menzies, Asst. City Atty., Englewood, for plaintiffs-appellants.

Eckelberger and Feldman, Ethan D. Feldman, Littleton, for defendants-appellees.

METZGER, Judge.

Plaintiffs, City of Englewood (city), Andrew J. McCown, as city manager, and Gary R. Higbee, as director of finance and ex-officio city clerk-treasurer, appeal the district court judgment dismissing their C.R.C.P. 106 action. We reverse and remand with directions.

The facts in this case are generally undisputed. A proposed career service system ordinance was considered by the Englewood city council in early March 1983. J. Louis Parkinson (respondent judge), an elected municipal court judge, objected to portions of the ordinance, based on what he perceived to be an adverse impact on the administration of justice. The respondent judge employed an attorney and together they met with city staff on three occasions, threatening litigation if the proposed ordinance were not altered. Thereafter, the city council passed a career service system ordinance agreeable to both the city and the respondent judge.

In April 1983, the respondent judge received a bill for $1,200 in attorney fees. He reviewed it, found it to be fair and reasonable for the services rendered, and transmitted it to the city department of finance for payment.

When payment was not forthcoming, the respondent judge, in July 1983, without benefit of the filing of a complaint, issued an order to show cause why an order of mandamus should not issue compelling the city to pay the $1,200 in attorney fees for the legal services rendered. The city filed a motion to dismiss alleging that the municipal court lacked jurisdiction, inherent power, or authority to order executive branch personnel to pay these attorney fees.

On August 12, 1983, at a pre-trial hearing, the respondent judge struck the city's motion to dismiss and granted it leave to refile. The city did not refile its motion to dismiss but, instead, sought review in the nature of a writ of prohibition pursuant to C.R.C.P. 106 in the district court. The district court granted the respondent judge's motion to dismiss the C.R.C.P. 106 action on November 10, 1983, and returned the cause to "Englewood Municipal Court for further action in order to establish a record which the District Court could consider if this matter is filed again under Rule 106."

On appeal, the city argues that the municipal court lacks jurisdiction to order the city to pay the respondent judge's claim for attorney fees and that, therefore, the district court erred in refusing to grant it relief in the nature of prohibition. We agree.

Colo. Const. art. VI, § 3 provides: "The supreme court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and remedial writs as may be provided by rule of court with authority to hear and determine the same...." C.R.C.P. 106(a) states that such relief may be available "[i]n the district court by appropriate action under the practice prescribed in these rules." The rule specifies that "any relief provided hereunder shall not be available in the superior or county courts," but does not mention municipal court proceedings.

In *Denver County Court v. Lee*, 165 Colo. 455, 439 P.2d 737 (1968), our supreme court concluded that the superior court of Denver did not have jurisdiction to issue a remedial writ. Noting that the superior court was purely a creature of statute, the court determined that, since the General Assembly had not conferred the power to issue writs upon the superior court, the supreme court was without jurisdiction to do so.

We believe the reasoning in that case to be applicable here. Municipal courts are creatures of statute; § 13–10–104, C.R.S., provides: "[T]he municipal governing body of each city or town shall create a municipal court to try and hear all alleged violations of ordinance provisions of such city or town." That grant of juris-

diction does not give the municipal court the power to provide relief similar to that provided by the remedial or original writs. Where statutes creating courts fail to confer jurisdiction over certain matters, "[n]o intendments may be indulged in favor of such jurisdiction." *Denver County Court v. Lee, supra.*

Englewood is a home rule city, and, as such, is given the power to create, define, and regulate its municipal court. Colo. Const. art. 20, § 6; § 13–10–104, C.R.S. The city's home rule charter limits jurisdiction of the municipal court to actions arising under the city charter and ordinances, or to issues where jurisdiction is conferred by the city council or by the Colorado Constitution or statutes. There are no Englewood charter provisions, no Englewood municipal ordinances, no authorizations from the Englewood city council, and no Colorado statutory or constitutional provisions authorizing the municipal court to hear civil claims for money.

Consequently, the Englewood municipal court is without authority to engage in proceedings in the nature of original or remedial writs and is without authority to decide civil claims for money. Thus, here, it was without jurisdiction to require the city council to show cause why mandamus should not issue.

Conceding an absence of direct authority for his actions, the respondent judge, relying on *Pena v. District Court,* 681 P.2d 953 (Colo.1984) and *Smith v. Miller,* 153 Colo. 35, 384 P.2d 738 (1963), contends that a court inherently possesses those powers reasonably required to enable it to perform judicial functions efficiently, protect its dignity and independence, and to make its lawful actions effective. We agree that § 13–10–112, C.R.S., confers upon a municipal court judge "all judicial powers relating to the operation of his court ..." and that municipal courts possess inherent powers. *Thrap v. People,* 192 Colo. 341, 558 P.2d 576 (1977). Nevertheless, jurisdiction is a necessary correlation to a court's exercise of its inherent power. While a court may have inherent power to perform its judicial functions effectively, *see Pena v. District Court,* supra, the method a court chooses to use in exercising its inherent power must be one which the court has jurisdiction to utilize.

Here, the municipal court had the inherent power to insure the appropriate administration of justice. It did not, however, have jurisdiction over the subject matter at issue—i.e. a claim for money. Nor did it possess jurisdiction to proceed in the manner it selected, that is, a proceeding in the nature of mandamus. Consequently, we conclude that the district court erred in refusing the city's request, pursuant to C.R.C.P. 106, that the municipal court be prohibited from proceeding with its mandamus action.

Accordingly, the judgment of the district court is reversed and the cause is remanded for the entry of an appropriate order prohibiting the municipal court from proceeding with the mandamus action.

BERMAN and STERNBERG, JJ., concur.