TOWN OF FRISCO, Colorado, a home-rule municipality, Petitioner,

v.

Harry BAUM, Respondent.

No. 03SC181.

Supreme Court of Colorado,
En Banc.

May 24, 2004.

Gorsuch Kirgis, LLP, Thad W. Renaud, Denver, Colorado, Attorneys for Petitioner.

Bendelow Law Firm, P.C., Peter H. Ziemke, Denver, Colorado, Attorneys for Respondent.

Municipal League, Carolynne C. White, Denver, Colorado, Attorneys for Amicus Curiae The Colorado Municipal League.

Justice MARTINEZ delivered the Opinion of the Court.

I. Introduction

In this case, we consider the authority of a home rule city to create and define the juris-

diction of a municipal court. We find that the Colorado Constitution authorizes town councils of the home rule cities to create municipal courts and define the jurisdiction of those courts as long as it is limited to matters of local and municipal concern.

## II. Facts and Procedure

This case arises from a decision of the Frisco town council to approve a conditional land use development application. Respondent, Harry Baum, who lived next to the property approved for development, filed a complaint pursuant to C.R.C.P. 106(a)(4) in the Summit County District Court challenging the town council's authority to consider and decide on the application. Baum sought an order vacating the decision of the town council.

The district court dismissed the complaint for lack of subject matter jurisdiction. It held that the town charter of Frisco granted the Frisco municipal court "exclusive original jurisdiction over all matters arising under this Charter, the ordinances, and other enactments of the Town," including Respondent's land use claims. The district court found that article XX, section 6, of the Colorado Constitution authorizes the town to grant such jurisdiction to its municipal court. The district court therefore dismissed the complaint and granted the Town of Frisco's motion to dismiss for lack of subject matter jurisdiction.

The court of appeals reversed the district court, holding that although the town council generally has the authority to set the jurisdiction of its municipal courts, there are limits on that power. The court of appeals reasoned that by granting exclusive original jurisdiction for all claims arising under its charter, ordinances, and other enactments, the town attempted to remove jurisdiction from the district courts. Finding that the jurisdiction of the state courts is of statewide concern, the court of appeals held that the town did not have authority to divest the district courts of original jurisdiction over all such claims. Thus, the court of appeals reversed and remanded the case back to the district court.

The Town of Frisco then petitioned this court for certiorari, which we granted.[1] We now reverse the court of appeals and remand with directions to reinstate the order of the district court.

## III. Analysis

The town council of Frisco vested its municipal court with "exclusive original jurisdiction over all matters arising under [Frisco's Town] Charter, the ordinances, and other enactments of the Town." The question before us is whether that grant of jurisdiction was a proper exercise of municipal authority under the Colorado Constitution. We decide that the town council acted within the powers granted to it by the Colorado Constitution. First, our constitution delineates the boundaries of the powers of municipalities in our state. The constitution grants to municipalities great authority over matters of local and municipal concern as well as the power to create courts with jurisdiction over such matters. Second, our statutes and case law reinforce the grant of power to municipalities within the realm of local and municipal matters. Because the town council of Frisco did not exceed the limits of this authority by granting the Frisco municipal court exclusive original jurisdiction over matters of local concern arising under enactments of the town council, we reverse.

### A. Origins of Municipal Court Jurisdiction

Municipal court jurisdiction is grounded in our constitution. The Colorado

1. We granted certiorari on the following two issues:
 (1) Whether a Colorado home rule municipality, pursuant to an express constitutional authorization to regulate and define the jurisdiction of its municipal court in local matters, may provide that its municipal court has exclusive original jurisdiction over a matter that arises under the charter, ordinances or other enactments of the municipality.

 (2) Whether the court of appeals erred in failing to construe the Colorado Constitution as a whole and harmonize the provisions of article XX, section 6, concerning the authority of a home rule municipality to define the jurisdiction of its municipal court, with the provisions of article VI, concerning the vestment of judicial authority of the state in the state courts.

Constitution specifically provides for municipal courts and authorizes town councils to define the limits of that jurisdiction within the province of local and municipal matters. The General Assembly has reinforced this authority by providing a statutory framework to guide municipal courts in the exercise of their jurisdiction. Thus, we find that a municipality's authority to create a municipal court and to define its jurisdiction is firmly rooted in our law.

■ Initially, we note that we must consider the constitution as a whole and give effect to every part. "[I]t is essential that we take the Constitution as it is, including every part thereof relating to the subject-matter under consideration, and construe the instrument as a whole, causing it, including the amendments thereto, to harmonize, giving to every . word as far as possible its appropriate meaning and effect." *Dixon v. People,* 53 Colo. 527, 530, 127 P. 930, 932 (1912); *see also People ex rel. Graves v. Dist. Court,* 37 Colo. 443, 450, 86 P. 87, 89 (1906) (constitution must be construed as a whole); *Reale v. Bd. of Real Estate Appraisers,* 880 P.2d 1205, 1208 (Colo.1994) (each phrase in the constitution included for a purpose).

Several provisions of our constitution relate to the power of home rule municipalities to determine the jurisdiction of their courts. When analyzed as a whole, these constitutional provisions clearly provide home rule cities the power to define the jurisdiction of their municipal courts. First, article XX, section 6, grants home rule cities the power to "provide, regulate, conduct, and control ... the creation of municipal courts: the definition and regulation of the jurisdiction, powers and duties thereof." This section authorizes home rule cities to establish municipal courts. Further, it allows the home rule city to define the jurisdiction of its municipal court within the realm of local and municipal matters. Specifically, article XX, section 6, states that municipalities shall have the power to create a municipal court and to

define its jurisdiction. A home rule city or town shall have:

> powers necessary, requisite or proper for the government and administration of its local and municipal matters, including power to legislate upon, provide, regulate, conduct, and control ...
>
> (c) The creation of municipal courts; the definition and regulation of the jurisdiction, powers and duties thereof, and the election or appointment of the officers thereof. ...

Colo. Const. Art. XX, § 6. In essence, this section gives municipalities all the powers of the General Assembly with regard to local and municipal matters.

Two additional sections in the constitution support this grant of authority to the municipal court. Article VI, section 9, grants the district courts original jurisdiction over civil matters "except as otherwise provided herein." Next, article VI, section 1, establishes general jurisdiction in the district courts, but notes that such a grant of jurisdiction shall not "restrict or diminish the powers of home rule cities and towns granted under article XX, section 6 of this constitution to create municipal and police courts." Thus, taken together with the grant of authority in article XX, section 6, these provisions unmistakably grant home rule municipalities the power to define the jurisdiction of their courts.

Statutory enactments clarify the constitutional grant of authority to municipal courts.[2] §§ 13–10–101–13–10–125, 5 C.R.S. (2003). Section 13–10–104 provides that "[t]he municipal governing body of each city or town shall create a municipal court to hear and try all alleged violations of ordinance provisions of such city or town." The municipal governing body shall appoint a judge who, if the municipal court is a court of record,[3] must be admitted to and licensed in the practice of law in Colorado. §§ 13–10–105, 13–10–102(3). Appeals may be taken from a qualified municipal court of record to the district court

---

2. For the most part, these statutory provisions may be superceded by charter or ordinance enacted by a home rule city. § 13–10–103, 5 C.R.S. (2003). There are exceptions to that rule, however, such as the requirement that there be a right to a jury trial for petty offenses. *Id.*

3. The Frisco Municipal Court is a court of record.

pursuant to section 13–6–310. Section 13–6–310(1) directs the district court to review the record made in the municipal court. The district court may then affirm, reverse, remand, or modify the judgment, remand the case for a new trial, or direct that the case be tried de novo before the district court. § 13–6–310(2). Consistent with the constitutional grant of authority, this statutory structure provides a framework for the exercise of municipal jurisdiction.

Both our constitution and our statutes authorize municipalities to exercise jurisdiction over local and municipal matters. Consequently, we hold that the Town of Frisco possesses the authority to define and exercise jurisdiction as long as it limits its jurisdiction to matters of local and municipal concern. We will examine the particulars of those limitations next.

## B. Limitations on Municipal Court Jurisdiction

Necessarily, the constitution limits the authority of municipal courts to local and municipal matters so that there is not a conflict between the jurisdiction of state courts and that of municipal courts. Our case law provides examples of the limits of a municipal court's jurisdiction. First, a municipal court can only exercise jurisdiction over matters that are of local or municipal concern. Second, within the sphere of matters of local and municipal concern, a municipal court may only exercise the jurisdiction granted to it in a town charter or ordinances. When the municipal court attempts to exercise jurisdiction over matters outside either of those categories, we have found them to be exceeding their authority.

First, municipal town councils must limit the jurisdiction of their courts to local and municipal matters. In *City & County of Denver v. Bridwell*, 122 Colo. 520, 524, 224 P.2d 217, 218 (1950), for example, we held that a home rule city's ordinance, which attempted to reserve power in the municipality to change the appellate process of the state courts, exceeded the bounds of the municipality's power to define jurisdiction over matters of local concern. In that case, the municipality enacted an ordinance that stated that the City and County of Denver's municipal court would have original jurisdiction over all cases arising under the ordinances of the City and County of Denver. *Id.* at 523, 224 P.2d at 218. Further, the ordinance stated that "until changed by ordinances, the procedure relating to appeals prescribed [in the existing statutory provisions] shall, so far as applicable, govern the said municipal court and appeals therefrom." *Id.*, 224 P.2d at 218.

In reviewing these provisions, we did not find it necessary to consider the section relating to the municipal court's original jurisdiction. Instead, we addressed only the provision regarding the municipal court's ability to change the appellate process by home rule ordinance. Noting that the jurisdiction of appellate courts was a matter of statewide and not local concern, we held that the municipal court could not legislate in that area.

> [I]t is doubtful that the municipality could be (sic) ordinance effectively or legally provide the right of appeal to a state court, since that would have the effect of creating a part of the jurisdiction of a state court and would be the exercise of an extraordinary power not included within the powers of local self-government.

*Id.* at 524, 224 P.2d at 218. Thus, while we noted that it would be unlikely that a home rule city could pass an ordinance changing the jurisdiction of the state courts, a matter of statewide concern, we did not dispute that the municipal court could control its own jurisdiction, a matter of local concern. Rather, we merely reiterated what the constitution already states: home rule cities may only define the jurisdiction of their municipal courts, not the jurisdiction of state courts. *Id.*, 224 P.2d at 218; *see also Williams*, 38 Colo. at 506, 88 P. at 466 (home rule city cannot legislate with respect to the jurisdiction of state courts); *Hardamon v. Municipal Court*, 178 Colo. 271, 276, 497 P.2d 1000, 1002 (1972) (broad powers granted to home rule cities to create, control, and define the jurisdiction of municipal courts are limited to matters which are local and municipal in nature; consequently, home rule cities may not deny substantive rights granted to all citizens of the state). Thus, municipal courts

must define their jurisdiction so that it is within the sphere of purely local and municipal matters.

Second, we have allowed municipal courts to exercise only the jurisdiction that the town council has granted to the court in the town charter or ordinances. Therefore, even if an issue is one of local concern, if the town has not included it within the jurisdiction of the municipal court, a municipal court cannot hear the matter. Rather, the municipal court must leave it to the general jurisdiction of the district court. *See Denver County Court v. Lee,* 165 Colo. 455, 458, 439 P.2d 737, 738 (1968) (where statutes creating court do not confer jurisdiction over certain matters, should not presume such jurisdiction to exist); *City of Englewood v. Parkinson,* 703 P.2d 626, 628 (Colo.App.1985) (where town did not include civil claims for money within jurisdiction of municipal court, court not authorized to hear such claims). Consequently, by defining the jurisdiction of its court, the town council plays a critical role in determining which cases of local and municipal concern will fall within the ambit of the municipal court's jurisdiction.

## C. Interplay between Municipal and District Court Jurisdiction

Despite the limitations imposed by the constitution, a municipal court's exercise of its jurisdiction may affect the jurisdiction of the district courts. A review of the interplay between a municipal court's exercise of jurisdiction and the jurisdiction of district courts, however, illustrates that there is no conflict between the jurisdiction of these courts. The constitution specifically grants municipalities the authority to define municipal court jurisdiction and limits the jurisdiction of district courts insofar as the municipal court may exercise its jurisdiction.

Nonetheless, because this effect is specifically provided for in the constitution, the municipal court's exercise of its jurisdiction is not outside the bounds of its authority. When a municipality exercises jurisdiction to address local and municipal matters in its municipal court, the district court will consequently be denied original jurisdiction over those matters. Where a municipality has not exercised jurisdiction, however, the district court may hear local and municipal matters in the first instance. Thus, although a municipality may affect the jurisdiction of the district courts, the constitution has specifically provided for such an outcome. The district courts are courts of "general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, *except as otherwise provided herein.*" Colo. Const. art. VI, § 9 (emphasis added). Thus, the constitution specifically allocates jurisdiction to the district courts except as otherwise provided. As the constitution specifically provides for municipal court jurisdiction, there is no conflict between the authority of the municipal and district courts.[4]

 Article XX, section 6, gives municipalities *"every power* theretofore possessed by the legislature to authorize municipalities to function in local and municipal affairs." *City and County of Denver v. State,* 788 P.2d 764, 767 (Colo.1990) (quoting *Four–County Metro. Capital Improvement Dist. v. Bd. of County Comm'rs,* 149 Colo. 284, 294, 369 P.2d 67, 72 (1962)). Although the legislature retains supreme authority over statewide concerns, municipalities are not inferior to the General Assembly regarding matters of local and municipal concern. *Id.* "With respect to purely local and municipal matters, the charter may be, and doubtless is, the paramount law. . . ." *Williams,* 38 Colo. at 506, 88 P. at 466. Moreover, "[i]n purely local and municipal matters, home rule cities may exercise exclusive jurisdiction by passing ordinances which supercede state statutes." *Vela v. People,* 174 Colo. 465, 466, 484 P.2d 1204, 1205 (1971). Thus, due to the constitution's specific grant of authority to the municipalities to define the jurisdiction of

4. Although there is not a conflict between the jurisdiction of the municipal and district courts, there may be some confusion as to where a claimant should file if it is not clear whether the matter at issue is one of local or municipal concern versus one of state or mixed concern. *See Town of Telluride v. Lot Thirty–Four Venture,*

*L.L.C.,* 3 P.3d 30, 37 (2000). Thus, it is possible that a claimant would be justified in filing in district court if s/he reasonably believed that the matter was of state or mixed concern. Nonetheless, we decline to address such a possibility further as that scenario is not before us in this case.

their courts, the effect on the district courts is not prohibited.

If we were to decide otherwise, we would render meaningless article XX, section 6, which specifically grants to home rule cities the power to define the jurisdiction of their municipal courts. Every time a municipality decides to exercise the power given to it, and creates a municipal court, it necessarily affects the jurisdiction of the district court over local and municipal matters. "It is [ ] a maxim of the law that the mention of one thing is the exclusion of the other. This maxim is particularly applicable when that which is expressed is creative, for then it becomes exclusive." *Graves*, 37 Colo. at 450, 86 P. at 89. In short, it would be impossible for one court to exercise jurisdiction without somehow affecting the jurisdiction of another court.

### D. Application to the Frisco Municipal Court

█ The case before us provides an illustration of the interplay between municipal and state court jurisdiction. Respondent brought his claim under C.R.C.P. 106(a)(4),[5] challenging the authority of the town council to decide upon an application for development, and alleging violations of the town's ordinances. If there had not been a municipal court, Respondent would have properly filed his claim in the district court. However, because the town council created a munic-

ipal court and defined its exclusive original jurisdiction to include matters arising under the town's ordinances, Respondent was required to file first in the municipal court[6] with a right of appeal to the district court.[7] Thus, the original jurisdiction of the district court is certainly affected by the creation of the municipal court. However, were we to decide otherwise and allow a claimant to file immediately in district court, we would usurp the authority granted to the municipal court by article XX, section 6. As we must give effect to every provision of the constitution, such a result is not tenable.

Consequently, because the Town of Frisco has properly created a municipal court and granted to that court exclusive original jurisdiction of all claims arising under enactments of the town pertaining to matters of local concern, review of the town council's alleged violation of town ordinances must be filed in the first instance in the Frisco Municipal Court.

### IV. Conclusion

Accordingly, the decision of the court of appeals is reversed and the case is remanded with directions to reinstate the order of the district court.

---

5. Apparently attempting to provide a procedure for review of civil actions, the Town of Frisco adopted C.R.C.P. 106, which allows for review of governmental action as well as other types of review. Although the town merely adopted C.R.C.P. 106 without change, which renders its application somewhat ambiguous, it appears that the town's intent was to adopt the rule so as to provide a mechanism for review of civil actions in its municipal courts. To the extent that it attempts to do more than provide for review of a civil action such as the one before us, we do not address its application.

6. The underlying matter at issue in this case is undeniably one of local concern. Respondent challenged a decision of the town council, under the Frisco Town Code, regarding an application for a conditional land use development which was presented to the town pursuant to town ordinances. Thus, not only did Respondent's claim arise under the town ordinances, but it concerns zoning, a matter of local concern. "In purely local and municipal matters, home rule

cities may exercise exclusive jurisdiction by passing ordinances which supersede state statutes." *Vela v. People*, 174 Colo. 465, 466, 484 P.2d 1204, 1205 (1971). This court has definitively stated that zoning is generally a local and municipal matter under article XX, section 6. *Roosevelt v. City of Englewood*, 176 Colo. 576, 586, 492 P.2d 65, 70 (1971); *see also City of Northglenn v. Ibarra*, 62 P.3d 151, 155–56 (Colo.2003) (zoning a matter of local concern but preempted to the extent it regulates a matter of statewide concern: in that case for example, the residence of adjudicated delinquent children in foster homes). As the issue in this case concerns only local zoning decisions and does not interfere with a matter of statewide concern, the underlying matter is clearly one of local concern.

7. As mentioned above, on appeal the district court may remand to the municipal court for a new trial or may direct that the case be tried de novo before the district court. §§ 13–10–116(2), 13–6–310.