**NORTH AVENUE CENTER, L.L.C. and Palace Pointe Marketplace Condominiums, Inc., Plaintiffs–Appellants,**

v.

**CITY OF GRAND JUNCTION, Defendant–Appellee.**

No. 05CA0986.

Colorado Court of Appeals, Div. A.

May 18, 2006.

Drew Moore, Grand Junction, Colorado, for Plaintiffs–Appellants.

Coleman, Williams & Wilson, Dan E. Wilson, Grand Junction, Colorado; John Shaver, City Attorney, Jamie B. Kreiling, Assistant City Attorney, Grand Junction, Colorado, for Defendant–Appellee.

DAVIDSON, Chief Judge.

In this action brought pursuant to C.R.C.P. 106(a)(4), plaintiffs, North Avenue Center, L.L.C. and Palace Pointe Marketplace Condominiums, Inc. (collectively North Avenue), appeal from the district court's order dismissing their complaint for lack of subject matter jurisdiction. We reverse and remand.

In 2003, North Avenue sought and received approval from defendant, City of Grand Junction, to erect a multi-tenant commercial development. As a condition of approval, the city planning commission required that North Avenue build a six-foot high solid masonry wall between the proposed development and the existing adjacent residences. North Avenue accepted the city's condition.

The following year, North Avenue applied to the planning commission for a variance from the masonry wall requirement. After a hearing, the planning commission denied the request. North Avenue then filed a timely appeal with the city council, which upheld the planning commission's decision.

North Avenue sought district court review of the city's denial of the variance request pursuant to C.R.C.P. 106(a)(4). The city moved to dismiss for lack of jurisdiction, arguing that the city's charter vested exclusive original jurisdiction in the city's municipal court. The district court agreed and dismissed the suit, and North Avenue appeals.

### I.

■ When reviewing a dismissal for lack of subject matter jurisdiction, we review de novo any legal conclusions and review for clear error any factual findings by the trial court. *See Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350, 352 (Colo.App.2005). Because the case here turns on interpretation of the city's charter, a legal issue, our review is de novo. *See Duhon v. Nelson,* 126 P.3d 262, 266 (Colo.App.2005) (review of statutory construction is de novo); *Cook v. City & County of Denver,* 68 P.3d 586, 588 (Colo.App.2003) (we interpret municipal charters under same principles as statutes).

■ In Colorado, district courts are courts of general jurisdiction authorized to hear all civil matters unless otherwise excepted in the state constitution. *See* Colo. Const. art. VI, § 9; *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109, 1113 (Colo.1991). One such exception allows for home rule cities to create municipal courts and to vest them with exclusive jurisdiction over matters of local

and municipal concern. *See* Colo. Const. art. XX, § 6; *Town of Frisco v. Baum,* 90 P.3d 845, 846 (Colo.2004).

■ The City of Grand Junction is a home rule city, *see Reams v. City of Grand Junction,* 676 P.2d 1189, 1194 (Colo.1984), and the parties here do not dispute that variances relating to fence requirements are matters of local and municipal concern. Thus, the city has the authority to vest its municipal court with jurisdiction over matters pertaining to variances. However, because municipal courts may only exercise jurisdiction expressly granted to them, *see Town of Frisco v. Baum, supra,* 90 P.3d at 848, the dispositive issue is whether the city's charter effectively conferred jurisdiction on its municipal court for matters pertaining to variances. We conclude that it did not.

### II.

■ In *Town of Frisco,* the supreme court analyzed the terms of Frisco's city charter delegating authority to its municipal court to hear "all matters arising under this Charter, the ordinances, and other enactments of the Town." *See Town of Frisco, supra,* 90 P.3d at 846. The court held that, by its plain language, the charter conferred on Frisco's municipal court jurisdiction over all local matters.

Relying on *Town of Frisco,* the city argues that its charter also confers on its municipal court jurisdiction over all local matters. We disagree.

The city's charter provides, in pertinent part:

Judge and Jurisdiction.—The judge of the municipal court of the city . . . shall have exclusive original jurisdiction to hear, try and determine all charges of misdemeanor as declared by this Charter, and *all causes arising under this Charter or any of the ordinances of the city for a violation thereof.*

Grand Junction City Charter 70 (emphasis added).

■ Unlike the charter of the Town of Frisco, the charter here does not provide to its municipal court the authority to hear "all

matters" arising under the charter or ordinances. Instead, the charter states that its municipal court has jurisdiction over all causes arising under the charter or any of the ordinances of the city "for a violation thereof." When the language of a statutory or charter provision is clear, we construe it according to its plain meaning. *See E–470 Pub. Highway Auth. v. Kortum Inv. Co.*, 121 P.3d 331, 333 (Colo.App.2005). The city's argument notwithstanding, we cannot ignore the latter phrase. *See E–470 Pub. Highway Auth. v. Kortum Inv. Co.*, *supra*, 121 P.3d at 333 ("We give effect to every word and do not adopt a construction that renders any term superfluous.").

Although it may be unclear in the charter whether the phrase "for a violation thereof" references "all causes arising under the charter," it certainly applies to "ordinances of the city," the closest antecedent. *Cf. Am. Respiratory Care Servs. v. Manager of Revenue*, 835 P.2d 623, 626 (Colo.App.1992) (qualifying words and phrases can refer not only to the closest antecedent, but also to a more distant antecedent); *cf.* § 2–4–214, C.R.S.2005 (abrogating presumption that qualifying words and phrases only apply to closest antecedent). Here, we conclude, and the city does not disagree, that North Avenue's variance request arises under the city's ordinances, not its charter.

Nor does the city disagree that a city ordinance cannot confer jurisdiction greater than that conferred by the city's charter. *See Olson v. Hillside Cmty. Church SBC*, 124 P.3d 874, 879 (Colo.App.2005) ("[T]he charter of a home rule city is effectively its constitution and its ordinances may not conflict with its charter."). Thus, we need not determine whether, as the city suggests, other city ordinances or local court rules provide for a broader grant of jurisdiction to the municipal court than does the charter.

We understand that the city also urges us to look at these other ordinances and local rules to ascertain that the city's intent in the charter was to delegate all matters of local concern to its municipal court. However, because the charter language is plain and unambiguous, we will not look beyond it to interpret its meaning. *See People v. Vigil*, 127 P.3d 916, 931 (Colo.2006). It may be that the words of the charter do not accurately reflect what its drafters wanted to accomplish. However, that is for the city, not a reviewing court, to rectify. *See Wilde v. City of Wheat Ridge*, 967 P.2d 213, 215 (Colo.App.1998).

### III.

■ It necessarily follows from our reading of the charter that the city's municipal court has subject matter jurisdiction here only if North Avenue's request for a variance or the appeal of its denial was a cause arising under a city ordinance "for a violation thereof." We agree with North Avenue that it was not.

■ As commonly understood, a "violation" is "[a]n infraction or breach of the law; a transgression." *Black's Law Dictionary* 1600 (8th ed.2004). Thus, to commit a "violation," one must break a law. A variance, however, is a lawful means for an applicant to depart from the requirements of a local government building or development code. A request for a variance acknowledges existing requirements or standards and seeks permission to deviate from them. *See, e.g.*, Grand Junction Zoning & Development Code § 2.16.A (2003).

Thus, contrary to the city's contention, under no circumstances could the city's requirement that North Avenue build a masonry wall, or North Avenue's request for a variance from that requirement or the appeal of its denial, ipso facto, constitute a violation of the Code. *See* 12 Richard R. Powell, *Powell on Real Property* § 79C.14 (1st ed.1991) (purpose of a variance is to allow a property owner to initiate or maintain a land use that would otherwise constitute a violation of a zoning ordinance).

Accordingly, we conclude that the city's charter, as written, does not grant jurisdiction to its municipal court to hear an appeal from the denial of a variance request under the Code. Therefore, the district court erroneously dismissed North Avenue's C.R.C.P. 106(a)(4) complaint.

Based on our disposition, we do not address any remaining issues raised by the parties.

The order is reversed, and the case is remanded to the district court with directions to reinstate the complaint and to conduct further proceedings as necessary.

Judge NEY * and Judge NIETO * concur.