The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 22, 2018

## 2019COA127

**No. 2018CA0647 *Burger Inv. Family Ltd. P'ship v. City of Littleton* — Courts and Court Procedure — Jurisdiction of Courts — Subject Matter Jurisdiction; Municipal Law — Home Rule Cities — Littleton City Charter**

A division of the court of appeals considers the application of

*North Avenue Ctr. v. City of Grand Junction,* 140 P.3d 308, 310

(Colo. App. 2006) and *Town of Frisco v. Baum,* 90 P.3d 845 (Colo.

2014), to determine whether the Littleton Municipal Court had

exclusive original jurisdiction over all violations of the city's charter

and ordinances.

The division concludes that, although the relevant language in

the city's charter is ambiguous, the city council's and voters' intent

— following the decision in *Town of Frisco* — was to limit the

jurisdiction of its municipal courts to only criminal matters.  Thus,

a challenge to the city's approval of an amendment to a planned

development plan was properly filed in the district court, rather than the municipal court.

COLORADO COURT OF APPEALS                    **2019COA127**

Court of Appeals No. 18CA0647
Arapahoe County District Court No. 17CV31948
Honorable Elizabeth Beebe Volz, Judge

Burger Investments Family Limited Partnership; A & S Burger Investments, LLC; 1241 LLC; 1221 LLC; and 1201 LLC,

Plaintiffs-Appellants,

v.

City of Littleton; Littleton City Council; and Stone Creek Real Estate Partners, LLC,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE TAUBMAN
Bernard, C.J., and Davidson*, J., concur

Announced August 22, 2019

Foster, Graham, Milstein & Calisher, LLP, Chip G. Schoneberger, Denver, Colorado, for Plaintiffs-Appellants

The Law Office of Steven J. Dawes, LLC, Steven J. Dawes, Denver, Colorado, for Defendants-Appellees City of Littleton and Littleton City Council

Fairfield and Woods, P.C., Karen V. Reutzel, Jessica Alizadeh, Denver, Colorado, for Defendant-Appellee Stone Creek Real Estate Partners, LLC

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1	This case presents the question whether the district court properly dismissed the complaint of plaintiffs — Burger Investments Family Limited Partnership and other entities[1] — for lack of subject matter jurisdiction where the City of Littleton's charter vests exclusive original jurisdiction in its municipal court over all violations of the charter and ordinances of the city. Because we conclude the charter provision at issue does not apply to civil cases, we reverse the district court's judgment and remand the case for the court to reinstate Burger's complaint.

## I.  Background

¶ 2	Defendant, Stone Creek Real Estate Partners, LLC, applied to the City of Littleton[2] for approval of an amendment to a planned development plan that would allow for assisted living, memory care, and accessory uses commonly associated with assisted living and memory care facilities ("Application"). After a public hearing, the

---

[1] The plaintiffs are Burger Investments Family Limited Partnership; A&S Burger Investments, LLC; 1241 LLC; 1221 LLC; and 1201 LLC. For ease of reference, we refer to the plaintiffs collectively as "Burger."

[2] The defendants are Stone Creek Real Estate Partners, LLC, the City of Littleton, and the Littleton City Council. For ease of reference, we refer to the defendants collectively as "Littleton."

Littleton City Council found that the proposed amendment to the planned development plan conformed to the development standards of the Planned Development Amendment criteria specified in the city code; thus, it passed an ordinance approving the Application.

¶ 3    Burger owns property adjacent to the subject parcel and filed a complaint in the district court under C.R.C.P. 106(a)(4) to review the city council's decision.  In its complaint, Burger alleged that the city council's decision violated specific provisions of the city's code and that its actions in approving the Application were "contrary to law [and] contrary to the Code."

¶ 4    Littleton moved to dismiss Burger's complaint for lack of subject matter jurisdiction.  It argued that pursuant to section 58 of Littleton's charter and *Town of Frisco v. Baum*, 90 P.3d 845 (Colo. 2004), the Littleton municipal courts have exclusive original jurisdiction to address the city council's decision.

¶ 5    In pertinent part, section 58 of the City of Littleton's Charter states, "There shall be a municipal court vested with exclusive original jurisdiction of all violations of the Charter and the ordinances of the City."

¶ 6    The district court concluded that Burger's complaint alleged violations of specific ordinances; thus, exclusive original jurisdiction lay with the municipal court.  Accordingly, the district court dismissed Burger's Rule 106(a)(4) action for lack of subject matter jurisdiction, and this appeal followed.

## II.  The City of Littleton's Charter and Burger's Complaint

¶ 7    Burger argues that the district court erred in its interpretation of the city's charter as vesting the municipal court with exclusive original jurisdiction over Burger's Rule 106(a)(4) appeal of the city council's decision to approve the Application.  In support of this argument, Burger contends that, for the City of Littleton to divest the district court of jurisdiction over appeals pursuant to Rule 106(a)(4) and grant exclusive jurisdiction to its own municipal court, broader language is required than that contained in section 58 of the city's charter.  We agree.

### A.  Standard of Review

¶ 8    In an appeal of a Rule 106(a)(4) proceeding, the appellate court is in the same position as the district court concerning review of a governmental body's decision.  *Shupe v. Boulder Cty.*, 230 P.3d 1269, 1272 (Colo. App. 2010).  "The appellate court is not bound by

any determination made by the trial court, but reviews the issues presented to that court de novo." *Leichliter v. State Liquor Licensing Auth.*, 9 P.3d 1153, 1155 (Colo. App. 2000). Generally, our review is limited to whether the governmental body's decision was an abuse of discretion, based on the evidence in the record before that body, or was made in excess of its jurisdiction. *Whitelaw v. Denver City Council*, 2017 COA 47, ¶ 7, 405 P.3d 433, 437.

¶ 9 However, as here, when the parties dispute only the characterization of the complaint at issue and not the jurisdictional facts alleged within it, the trial court decides the jurisdictional question as a matter of law, and review that decision de novo. *City of Boulder v. Pub. Serv. Co. of Colo.*, 2018 CO 59, ¶ 14, 420 P.3d 289, 293.

## B. Applicable Law

¶ 10 District courts are courts of general jurisdiction authorized to hear all civil matters unless otherwise excepted in the state constitution. Colo. Const. art. VI, § 9(1); *N. Ave. Ctr., L.L.C. v. City of Grand Junction*, 140 P.3d 308, 310 (Colo. App. 2006). One such

exception allows home rule cities[3] to create municipal courts and to vest them with exclusive jurisdiction over matters of local and municipal concern. *N. Ave.,* 140 P.3d at 310.

¶ 11    When a home rule city exercises jurisdiction to address matters of local and municipal concern in its municipal court, the district court is divested of subject matter jurisdiction over those matters. *Town of Frisco,* 90 P.3d at 849 (noting that the constitution specifically allows a municipality to limit the jurisdiction of the district courts).

¶ 12    Accordingly, so that there is no conflict between the jurisdiction of state courts and that of municipal courts, the Colorado Constitution limits the jurisdiction of municipal courts to local and municipal matters. *Id.* at 848. Moreover, within the sphere of matters of local and municipal concern, a municipal court may only exercise the jurisdiction expressly granted to it in a charter or ordinance. *Id.* ("When the municipal court attempts to

---

[3] "Article XX, Section 6, of the state constitution, adopted by the voters in 1912, granted 'home rule' to municipalities opting to operate under its provisions and thereby altered the basic relationship of such municipalities to the state." *City & Cty. of Denver v. State,* 788 P.2d 764, 766 (Colo. 1990).

exercise jurisdiction over matters outside either of [these] categories, we have found them to be exceeding their authority.").

¶ 13    When interpreting a city charter, we construe it using the rules of statutory interpretation.  *Roybal v. City & Cty. of Denver*, 2019 COA 8, ¶ 11, 436 P.3d 604, 608; *Mahaney v. City of Englewood*, 226 P.3d 1214, 1217 (Colo. App. 2009).  When the language of a charter provision is clear, we construe it according to its plain meaning.  *N. Ave.*, 140 P.3d at 311.  We give effect to every word and do not adopt a construction that renders any term superfluous.  *Id.*

¶ 14    Conversely, if the language of a city charter is ambiguous, we may ascertain its meaning by looking at extrinsic sources.  *Cook v. City & Cty. of Denver*, 68 P.3d 586, 588 (Colo. App. 2003).  These sources include legislative history, the consequences of a given construction, the legislative declaration of purpose, and the end to be achieved by the statute.  *McLaughlin v. Oxley*, 2012 COA 114, ¶ 10, 297 P.3d 1007, 1009.

## C.  Analysis

¶ 15    As a home rule municipality, the City of Littleton has the authority, under the state constitution, to vest its municipal court

with jurisdiction over matters of local and municipal concern. It is undisputed that Burger's Rule 106 action raises issues of local or municipal concern. However, because municipal courts may only exercise jurisdiction expressly granted to them, the dispositive issue is whether the city's charter confers exclusive jurisdiction on its municipal court for matters pertaining to Burger's Rule 106 action, thereby divesting the district court of subject matter jurisdiction.

¶ 16    In *Town of Frisco*, the supreme court analyzed the terms of Frisco's city charter delegating authority to its municipal court to hear "all matters arising under [Frisco's] Charter, the ordinances, and other enactments of the Town." 90 P.3d at 846. Because the Town of Frisco's charter vested its municipal court with jurisdiction over *all matters* arising under the town's ordinances, and the plaintiff's Rule 106(a)(4) action alleged violations of the town's ordinances, the supreme court concluded that, by its plain language, the charter vested Frisco's municipal court with exclusive original jurisdiction over the plaintiff's Rule 106 action. *Id.* at 850. Accordingly, the district court lacked subject matter jurisdiction. *Id.*

¶ 17    By contrast, in *North Avenue*, where a city's charter language was similarly at issue, a division of this court interpreted the charter to vest the municipal court with exclusive jurisdiction over "all causes arising under" the city's ordinances "for a violation thereof."  140 P.3d at 311.  The division concluded that the plaintiff's request for a variance (and the city's denial thereof) did not allege a "violation" of the city's ordinances, and therefore, the case was properly before the district court.  *Id.*

¶ 18    Though, as noted, we review the district court's order de novo, we agree with its determination that the circumstances of this case are distinguishable from those of *North Avenue*.  However, as the district court observed,

> [t]o the extent that *North Avenue* narrows the ruling in *Town of Frisco* by finding that there is a meaningful difference between charters that give municipal courts jurisdiction over "all matters" arising from the city's charter, codes or ordinances and charters that limit jurisdiction to "violations" of the same, the court agrees that this case falls under the narrower interpretation presented by *North Avenue*.

¶ 19    In light of *Town of Frisco* and *North Avenue*, we must interpret section 58 of the City of Littleton's charter.  Burger contends that

8

the section's language, "all violations of the Charter and the ordinances of the City" limits its reach to criminal or quasi-criminal cases. In contrast, Littleton maintains that section 58 is not so limited, relying on provisions of the Littleton Municipal Code.

¶ 20 We conclude that these two interpretations are reasonable, and, therefore, section 58 of the city's charter is ambiguous. Accordingly, we must look to legislative history and other factors to determine its meaning. *See McLaughlin*, ¶ 10, 297 P.3d at 1009.

¶ 21 A review of the "legislative history" of section 58 of the city's charter persuades us that Burger's interpretation is correct. The minutes of the Littleton City Council of August 17, 2004, show conclusively that the council unanimously approved a motion to modify section 58 of the charter to ensure that the municipal court did not have jurisdiction in civil cases. That action was taken following the supreme court's decision in *Town of Frisco*. As the council minutes reflect, the ordinance, before its amendment, "was essentially the same as the Frisco Charter provision." Minutes of Proceedings, Littleton City Council, Aug. 17, 2004, No. 7. Because the municipal court had dealt almost exclusively with criminal matters, the amendment "would maintain jurisdiction in the

municipal court of all violations of the City Code but would eliminate jurisdiction for any civil cause or matter arising under the Charter or ordinance of the city." *Id.*

¶ 22    According to the minutes, one council member asked that an article be placed in the Littleton Report, a local newsletter, to explain the matter to voters, who were asked to approve the amendment in the November 2004 elections. The October 2004 issue of the Littleton Report informed the voters as follows:

> A recent Colorado Supreme Court decision involving the town of Frisco, Colorado provided that the Frisco Municipal Court would have "exclusive original jurisdiction over all matters under the Charter, the ordinances and other enactments of the Town." For cities like Littleton, that have provisions similar or identical to the Frisco provision, civil jurisdiction on many municipal matters will have to be filed in the Municipal Court first. Municipal Courts, since their inception, have dealt almost exclusively with criminal matters. Up to this point, all challenges to municipal matters, arising under the city code[,] have generally been resolved in State District Court. The decision of the Supreme Court now raises the possibility of those cases being filed in Municipal Court. This would create many problems for the city, not the least of which are increased costs, the possibility of having to hire additional court personnel to handle the

increased number of cases, and adding one more layer of court review and delay in a case.[4]

¶ 23     At the election, the voters approved what was denominated as Question 2C, thereby amending section 58 of the charter. This approval makes it clear that both the city council and the voters intended the amendment to limit the jurisdiction of the Littleton Municipal Court to criminal cases.

¶ 24     Accordingly, we conclude that the district court erred in concluding that the municipal court has exclusive original jurisdiction over Burger's complaint and in dismissing the complaint. We therefore remand the case to the district court to reinstate the complaint.

## III. Conclusion

¶ 25     The judgment is reversed, and the case is remanded for the court to reinstate Burger's complaint.

CHIEF JUDGE BERNARD and JUDGE DAVIDSON concur.

---

[4] Littleton Report, City of Littleton, October 2004, p.1.