24CA0359 Scythian v Mtn Village 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0359
San Miguel County District Court No. 22CV30045
Honorable J. Steven Patrick, Judge

Scythian Ltd., Cloud 9 Investments, LLC, and Cloud 9 Land Holdings, LLC,

Plaintiffs-Appellants,

v.

Town of Mountain Village, Colorado, Town of Mountain Village Town Council,
Colorado, Tiara Telluride, LLC, and Vault Management, LLC,

Defendants-Appellees.

_____

JUDGMENTS AFFIRMED

Division III
Opinion by JUDGE TOW
Dunn and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

_____

Foster Graham Milstein & Calisher, LLP, David Wm. Foster, Chip G.
Schoneberger, Denver, Colorado, for Plaintiffs-Appellants

Garfield & Hecht, P.C., David H. McConaughy, Andrea S. Bryan, Christine L.
Gazda, Glenwood Springs, Colorado, for Defendants-Appellees Town of
Mountain Village and Town of Mountain Village Town Council

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Bill E. Kyriagis, Nicholas
Gunther, Denver, Colorado, for Defendants-Appellees Tiara Telluride, LLC and
Vault Management, LLC

¶ 1 Plaintiffs, Scythian Ltd., Cloud 9 Investments, LLC, and Cloud 9 Land Holdings, LLC, appeal the district court's judgments entered in favor of defendants, the Town of Mountain Village (the Town), the Town of Mountain Village Town Council (the Council), Tiara Telluride, LLC (Tiara), and Vault Management, LLC (Vault). We affirm.

## I. Factual Background

¶ 2 The following undisputed facts are taken from plaintiffs' complaint filed in San Miguel County Case No. 23CV30035.

¶ 3 The Town is a home rule municipality. Tiara owns a lot in the Town. The Council first approved a planned unit development (PUD) for the lot in 2010. The Council initially authorized a five-year vested property rights[1] period for the 2010 PUD. The Council thereafter approved two extensions to the vested property rights period.

¶ 4 In 2022, Vault, with Tiara's consent, applied for another extension of the vested property rights period. At a September 2022

---

[1] "'Vested property right' means the right to undertake and complete the development and use of property under the terms and conditions of a site specific development plan." § 24-68-102(5), C.R.S. 2024.

meeting, the Council extended the vested property rights period for another nine months (Third Amendment to the 2010 PUD). Under the Town of Mountain Village Community Development Code, which is contained in the Town of Mountain Village Municipal Code (Municipal Code), final PUD approval includes approval of an ordinance rezoning the property. Thus, when the Council approved the Third Amendment to the 2010 PUD, it also approved Ordinance 2022-10, rezoning the property.

¶ 5 While this third extension was pending, Tiara submitted an application to amend the "2010 PUD's height, design, and other development matters." Tiara later revised the application and included several major design changes. At an August 2023 meeting, the Council conditionally approved the application. On September 8, 2023, the vested property rights in the 2010 PUD expired. On September 20, 2023, the Council approved the application (Fourth Amendment to the 2010 PUD). The approval of the Fourth Amendment to the 2010 PUD included the approval of Ordinance 2023-13, rezoning the property.

## II. Procedural Background

¶ 6 Plaintiffs, who own real estate parcels that are close to Tiara's lot, filed a complaint under C.R.C.P. 106(a)(4) in district court, alleging that the Council's approval of Ordinance 2022-10 was an abuse of discretion. The district court dismissed the case for lack of subject matter jurisdiction, holding that the case was moot because the Fourth Amendment to the 2010 PUD had superseded the Third Amendment to the 2010 PUD.

¶ 7 Plaintiffs filed another complaint under C.R.C.P. 106(a)(4) in district court, alleging that the Council's approval of Ordinance 2023-13 was an abuse of discretion.

¶ 8 Specifically, plaintiffs alleged that Tiara ignored the request of the Design Review Board (the Board) to provide a shoring plan before the Council reviewed the application. They alleged that the Board failed to review major design changes to the application and did not do an analysis under the design regulations for such changes as required by the Municipal Code.

¶ 9 Plaintiffs also alleged that the application to amend the 2010 PUD sought a height allowance that exceeded what was allowed under the Municipal Code but not what was allowed under the

3

2010 PUD. They alleged that by the time the Council approved Ordinance 2023-13, the vested property rights in the 2010 PUD had expired, but Vault had not requested or reapplied for a new height variation as required by the Municipal Code.

¶ 10     Next, plaintiffs alleged that the Council extended the vested property rights to property not included in the 2010 PUD because the application included open space outside of the lot specified in the 2010 PUD.

¶ 11     Finally, plaintiffs alleged that the Council overlooked the failure of the application to meet certain review criteria that must be met in order for the Council to approve a rezoning of the PUD, as required by the Municipal Code.

¶ 12     The district court dismissed plaintiffs' case for lack of subject matter jurisdiction, this time on the grounds that the Town of Mountain Village Town Charter (Charter) and Municipal Code vested exclusive original jurisdiction in the municipal court.

¶ 13     Plaintiffs appeal both judgments.

### III.    Subject Matter Jurisdiction

¶ 14     As a threshold matter, plaintiffs concede that if we affirm the district court's dismissal of their action seeking review of the

approval of Ordinance 2023-13 for lack of subject matter jurisdiction based on *Town of Frisco v. Baum*, 90 P.3d 845 (Colo. 2004), then that would constitute alternative grounds to affirm the district court's dismissal of their case seeking review of the Council's approval of Ordinance 2022-10.

¶ 15    Indeed, defendants contend that this case is "virtually identical" to *Baum*, while plaintiffs attempt to distinguish *Baum* in various ways. Because we agree with defendants, we begin with a discussion of *Baum*. We then analyze whether, under *Baum*, the district court had subject matter jurisdiction over the case seeking review of the Council's approval of Ordinance 2023-13.

## A.    *Baum*

¶ 16    In *Baum*, neighboring landowners sought review in district court under Rule 106(a)(4) of the Town of Frisco's council's approval, under the town code, of an application for conditional land use development, alleging violations of the town's ordinances. 90 P.3d at 846, 850. Frisco's town charter vested its municipal court with "exclusive original jurisdiction over all matters arising under [Frisco's Town] Charter, the ordinances, and other enactments of the Town." *Id.* at 846. Frisco argued that the district

court lacked jurisdiction because its charter vested the municipal court with exclusive jurisdiction over matters arising from its local ordinances, which included land use claims. *Id.*

¶ 17 The supreme court held that a home rule town possesses the authority under the Colorado Constitution and Colorado statutes to define the jurisdiction of its municipal court over matters that are of local or municipal concern — not over matters of state or mixed concern. *Id.* at 847-48, 849 n.4. The supreme court also held that "even if an issue is one of local concern, if the town has not included it within the jurisdiction of the municipal court, a municipal court cannot hear the matter." *Id.* at 849.

¶ 18 The supreme court found that the underlying matter was "undeniably one of local concern" because it involved only local zoning decisions and did not interfere with a matter of statewide concern. *Id.* at 850 n.6. Thus, the challenge to the town's actions had to be filed in municipal court because Frisco had "properly created a municipal court and granted to that court exclusive original jurisdiction of all claims arising under enactments of the town pertaining to matters of local concern." *Id.* at 850.

## B.  Standard of Review

¶ 19    "[W]hen, as here, the parties dispute only the characterization of the complaint at issue and not the jurisdictional facts alleged within it, the [district] court can decide the jurisdictional question as a matter of law, and our review is de novo." *City of Boulder v. Pub. Serv. Co. of Colo.*, 2018 CO 59, ¶ 14.  Whether a matter is one of state, mixed, or local concern is also a legal issue that we review de novo.  *See Town of Telluride v. Lot Thirty-Four Venture, L.L.C.*, 3 P.3d 30, 37 (Colo. 2000).

¶ 20    To the extent our analysis requires us to interpret a statute, statutory interpretation is a question of law that we review de novo. *Colo. Stormwater Council v. Water Quality Control Div. of the Colo. Dep't of Pub. Health & Env't*, 2023 COA 11, ¶ 15.  "[W]e first look to the statute's language and give words their plain and ordinary meaning."  *Id.*  "We read and consider the statute as a whole to give consistent, harmonious, and sensible effect to all of its parts, and we presume that the General Assembly intended the entire statute to be effective."  *Id.*  "If the statute's language is clear and unambiguous, we look no further."  *Id.*

## C. Charter and Municipal Code

¶ 21    As in *Baum*, plaintiffs here seek review of a home rule town's approval, under the Municipal Code, of a land use ordinance.

¶ 22    Section 7.1 of the Charter provides, in relevant part, that "[t]here shall be a municipal court . . . vested with exclusive original jurisdiction over all cases arising under this Charter, under the ordinances duly enacted under this Charter, and as otherwise conferred under the law."[2]  Municipal Code section 2.12.020 provides that "[t]he Municipal Court shall be vested with exclusive original jurisdiction over all cases arising under the Charter, Municipal Code, duly enacted Ordinances and as otherwise conferred under law."

¶ 23    The Charter and Municipal Code language is almost identical to the charter's language in *Baum*.  And plaintiffs' attempt to distinguish Charter section 7.1's grant of jurisdiction to the

---

[2] Section 3.6 of the Charter provides that the Council, through the Charter and enactment of ordinances, shall exercise all expressed or implied legislative powers granted to home rule municipalities by the Colorado Constitution, including, but not limited to, "[t]he power and continuing obligation to establish comprehensive and flexible land use standards, including density, zoning, and construction, design and enforcement regulations, in order to provide for the present and future needs of the Town."

municipal court over "all *cases* arising under" the Charter and Municipal Code from the charter in *Baum*, which granted the municipal court jurisdiction over "all *matters* arising under" Frisco's town charter or ordinances, is unavailing. (Emphasis added.) We discern no meaningful difference between "matters" and "cases." *Cf. Olson v. Hillside Cmty. Church SBC*, 124 P.3d 874, 878 (Colo. App. 2005) (interpreting the city's charter language giving its municipal court "exclusive original jurisdiction of all causes arising under the ordinances of the city" as encompassing "all causes of action arising under" the municipal code). Indeed, one cannot bring a matter before the court unless one files a case in which to bring it.

¶ 24 Thus, the Charter and Municipal Code give the municipal court exclusive original jurisdiction over all cases arising under the Municipal Code and duly enacted ordinances. *See Baum*, 90 P.3d at 850; *Olson*, 124 P.3d at 878. Plaintiffs' complaint arose under Ordinance 2023-13, which was approved by the Council pursuant to the Municipal Code. Therefore, if the underlying matter was a matter of local concern, plaintiffs were required to first file their case in municipal court. We thus turn to whether the underlying matter was one of local concern.

9

## D. Matter of Local Concern

¶ 25 The underlying matter concerns zoning, a matter of local concern. *See Baum*, 90 P.3d at 850 n.6; *see also, e.g., Voss v. Lundvall Bros., Inc.*, 830 P.2d 1061, 1064 (Colo. 1992) (recognizing that the exercise of zoning authority within a home rule city's municipal border is a matter of local concern).

¶ 26 Yet plaintiffs contend that because they brought their complaint under Rule 106(a)(4), it is necessarily a matter of statewide concern. Alternatively, plaintiffs contend that their claims involve adjudication of issues under a state statute and constitutional due process requirements and are therefore at least a matter of mixed concern. We disagree.

### 1. Applicable Law

¶ 27 When determining whether a matter is local, statewide, or mixed, we consider several factors, including (1) the need for statewide uniformity of regulation; (2) the extra-territorial impact of local regulation; (3) whether the matter has traditionally been regulated at the state or local level; and (4) whether the Colorado Constitution specifically commits the matter to state or local regulation. *Town of Telluride*, 3 P.3d at 37. This list is not

exhaustive. *City of Northglenn v. Ibarra*, 62 P.3d 151, 156 (Colo. 2003). We have also considered other factors, "including any legislative declaration as to whether a matter is of statewide concern." *Id.* When considering these factors, we weigh the respective interests of the locality and the state in regulating a particular matter. *Id.*

### 2. Application

#### a. Rule 106(a)(4)

¶ 28 Plaintiffs contend that Rule 106(a)(4) actions reflect a "distinct matter of state interest" in "preventing governmental abuse of authority" and therefore are inherently matters of statewide concern — or at a minimum are mixed matters. This contention ignores — or at least mischaracterizes — *Baum*.

¶ 29 Acknowledging that *Baum* involved a Rule 106(a)(4) action brought in the district court and ultimately dismissed for lack of subject matter jurisdiction, plaintiffs attempt to argue that the supreme court in *Baum* did not directly address the nature of Rule 106(a)(4) actions. However, the supreme court in *Baum* explicitly considered that the action was brought pursuant to Rule 106(a)(4) when it stated its conclusion regarding jurisdiction:

> The case before us provides an illustration of the interplay between municipal and state court jurisdiction. Respondent *brought his claim under C.R.C.P. 106(a)(4), challenging the authority of the town council to decide upon an application for development, and alleging violations of the town's ordinances.* If there had not been a municipal court, Respondent would have properly filed his claim in the district court. However, because the town council created a municipal court and defined its exclusive original jurisdiction to include matters arising under the town's ordinances, Respondent was required to file first in the municipal court with a right of appeal to the district court.

90 P.3d at 850 (emphasis added) (footnotes omitted). The supreme court also noted that the town adopted Rule 106, appearing to intend to provide a mechanism for review of civil actions in its municipal courts.[3] *Id.* at 850 n.5. In other words, the supreme court acknowledged that home rule towns can define municipal court jurisdiction to include Rule 106(a)(4) actions seeking review of governmental actions pertaining to matters of local concern.

¶ 30    Further, in *Olson*, the supreme court rejected the argument that Rule 106 actions had to be filed in district court and concluded

---

[3] Both the Charter and Municipal Code provide that the Colorado Rules of Civil Procedure shall apply to all civil actions pending in the Town's municipal court.

that the district court lacked subject matter jurisdiction over the plaintiffs' action brought under Rule 106(a)(4), seeking review of a home rule city's application of a land use ordinance and alleging violations of the city's municipal code.[4] 124 P.3d at 878.

¶ 31  Thus, the statute or rule under which the case arises does not determine whether the underlying matter is one of local, mixed, or statewide concern.

### b.  State Statutory Law and Due Process

¶ 32  Alternatively, plaintiffs contend that the underlying matter is one of mixed concern because, in addition to zoning — a matter of local concern — the underlying matter also requires the district court to adjudicate issues under the Vested Property Rights Act

---

[4] Plaintiffs rely on *City of Englewood v. Parkinson*, 703 P.2d 626, 627-28 (Colo. App. 1985), to suggest that divisions of this court are divided as to whether municipal courts have jurisdiction to grant relief in the nature of remedial writs.  But *Parkinson* is inapposite. *See Brown v. Walker Com., Inc.*, 2022 CO 57, ¶¶ 22-23 (explaining that Rule 106 abolished special remedial writs but retained the substantive forms of relief under such special remedial writs).  The division in *Olson v. Hillside Community Church SBC*, 124 P.3d 874, 879 (Colo. App. 2005), explained why the division's reasoning in *Parkinson*, 703 P.2d at 627-28, is no longer applicable in light of *Town of Frisco v. Baum*, 90 P.3d 845 (Colo. 2004).

13

(Act), § 24-68-101 to -106, C.R.S. 2024, and the United States and Colorado Constitutions' Due Process Clauses.

¶ 33   We disagree with plaintiffs' characterization of their complaint. *Cf. City of Boulder v. Pub. Serv. Co. of Colo.*, 996 P.2d 198, 203 (Colo. App. 1999) ("We are not bound by the form in which the plaintiff asserts its claim, but rather it is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction.").

¶ 34   The complaint merely refers to the Act to explain, as background, that "developers and/or landowners may acquire a 'vested' right to develop the real estate property in a PUD consistent with the site plan approved for that PUD" and that a vested property right lasts for three years unless extended by an amendment expressly authorized by the local government.  Though plaintiffs' allegations relate to extensions of the initial vested property rights period, the Municipal Code controls any extensions, not the Act.  *See* § 24-68-104(1), C.R.S. 2024 (The initial three-year vesting period "shall not be extended by any amendments to a site specific development plan unless expressly authorized by the local

government.").  In other words, the court does not need to decide anything under the Act.

¶ 35      Nor does the fact that the Act states that "[t]he establishment of vested property rights . . . is . . . declared to be a matter of statewide concern" change our conclusion that the underlying matter is one of local concern. § 24-68-101(1)(c).  Ordinance 2023-13 did not establish vested property rights; rather, it extended them.  And the extension of vested property rights is not included in the legislative declaration of what is a matter of statewide concern.[5] Indeed, as noted, the legislature gave local governments the authority to extend vested property rights.  *See* § 24-68-104(1).  In short, Ordinance 2023-13 concerns only local zoning decisions and does not interfere with a matter of statewide concern.  *See Baum,* 90 P.3d at 850 n.6 (noting that the underlying matter is clearly one of local concern because the issue in the case concerns only local

---

[5] Because the legislative declaration is just one factor to consider in the analysis of whether an underlying matter is one of local, mixed, or statewide concern, *see City of Northglenn v. Ibarra,* 62 P.3d 151, 156 (Colo. 2003), we express no opinion on whether an underlying matter establishing vested rights is a matter of statewide concern.

zoning decisions and does not interfere with a matter of statewide concern).

¶ 36    Finally, to the extent plaintiffs challenge Ordinance 2023-13 on constitutional due process grounds, any such challenge is immaterial to whether the issue is a matter of local, mixed, or statewide concern. *See Trailer Haven MHP, LLC v. City of Aurora*, 81 P.3d 1132, 1137 (Colo. App. 2003) (noting that zoning is a matter of local concern in a case in which the plaintiff asserted that the amended city code constituted a taking of property without just compensation in violation of the Colorado Constitution). Whether there is a due process challenge is not among the factors to consider in analyzing whether an underlying matter is one of local, mixed, or statewide concern. Indeed, the nature of the challenge to an underlying matter of local concern does not transform it into a matter of mixed or statewide concern. If it did, plaintiffs could allege violations of the United States and/or Colorado Constitutions in order to avoid municipal court jurisdiction in cases in which the underlying matter was otherwise one of purely local concern. The exception would swallow the rule.

¶ 37    In sum, the district court lacked jurisdiction to hear plaintiffs' case because the claims arose under the Municipal Code and enacted ordinances, and the underlying matter was one of local concern.

¶ 38    Further, because we conclude that *Baum* is dispositive of the subject matter jurisdiction issue, and in light of the plaintiffs' concession, we similarly conclude that the district court also lacked subject matter jurisdiction in the case seeking review of the Council's approval of Ordinance 2022-10.  Accordingly, we need not reach the mootness issue and, instead, we affirm that dismissal as well, albeit on different grounds than those relied on by the district court.  *See Johnson v. Toohey*, 2021 COA 43M, ¶ 7 ("We may affirm the court on any grounds supported by the record.").

## IV.   Disposition

¶ 39    The judgments are affirmed.

JUDGE DUNN and JUDGE MEIRINK concur.